UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
HASSAN MUHAMMAD,

                            Plaintiff,

          -against-

CITY OF NEW YORK; Detective JOSE CHEVERE, Shield No. 1505; and JOHN and JANE DOE 1 through 10,

                         Defendants.
------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

17 CV 625

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Hassan Muhammad is a resident of Bronx County in the City and State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. Defendant Detective Jose Chevere, Shield No. 1505 ("Chevere"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Chevere is sued in his individual and official capacities.

9. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD.

Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11.   At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12.   At approximately 6:40 p.m. on September 12, 2015, an individual was shot in the vicinity of 543 East 137th Street in the Bronx.

13.   At the time of the shooting Mr. Muhammad was a block away - inside his home at 164 St. Ann's Avenue, Apartment 11F, with friends.

14.   On that date, Mr. Muhammad's apartment building was equipped with video surveillance cameras positioned to capture all points of entry and exit, along with both elevator cars.

15.   Video footage from that day reflects that Mr. Muhammad and his friends did not leave the apartment building until 7:15 p.m. on September 12th, approximately 35 minutes *after* the shooting.

16.   Once Mr. Muhammad and his friends exited the building, they headed toward a local bodega.

17.   Police officers stopped and questioned Mr. Muhammad.

18.   During the questioning officers asked Mr. Muhammad about his location

at the time of the shooting.

19. Mr. Muhammad explained that he had just left his apartment for the first time that day and that his whereabouts could easily be verified by reviewing the video footage maintained by his building.

20. After being detained for a period of time, Mr. Muhammad was ultimately released.

21. At some point during the next few days, agents of the NYPD obtained the video footage from Mr. Muhammad's building.

22. The video footage proves Mr. Muhammad's alibi. *See* Exhibit 1.

23. Despite clear evidence that Mr. Muhammad was not involved in the shooting, and in possession of the video, defendant officers nevertheless sought and obtained an arrest warrant for Mr. Muhammad, withholding the video and other exculpatory evidence from the issuing magistrate.

24. On September 15, 2015, defendant officers arrested Mr. Muhammad on attempted murder and other felony charges in connection with the September 12th shooting.

25. Mr. Muhammad was taken to a police precinct and interrogated.

26. Plaintiff again truthfully explained that he had been inside his apartment at the time, did not leave for the day until well after the shooting, and that his innocence

could be definitively established by review of the surveillance footage.

27. The defendant officers possessed the surveillance footage at the time of Mr. Muhammad's arrest and interrogation, but either failed to review it with reckless disregard for Mr. Muhammad's constitutional rights, or purposefully ignored its contents.

28. Mr. Muhammad was then taken to another location and placed in a sham lineup, the existence of which was withheld from his counsel, in which Mr. Muhammad was the only young person among a group of older men.

29. The lineup was unconstitutional and a violation of Mr. Muhammad's Due Process rights.

30. The sole witness who allegedly made an identification at this unlawful lineup would later recant.

31. The officers laughed as Mr. Muhammad was taken for booking.

32. At his subsequent arraignment, bail was imposed and Mr. Muhammad was remanded into the custody of the New York City Department of Correction.

33. Mr. Muhammad would ultimately spend approximately seven months jailed on Rikers Island.

34. Mr. Muhammad's experiences on Rikers were horrific, and included being sprayed with a powerful chemical agent known as MK-9 on several occasions.

35.     While Mr. Muhammad was incarcerated, his father suffered a stroke.

36.     Upon information and belief, the defendant police officers withheld the video footage and other exculpatory evidence from prosecutors and the grand jury.

37.     On or about April 18, 2016, prosecutors reviewed the video and recommended that Mr. Muhammad's bail be vacated and he was released on his own recognizance.

38.     At his next scheduled Court appearance on or about July 26, 2016, the charges against Mr. Muhammad were dismissed in their entirety.

39.     Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

40.     At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

41.     This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

42.     Mr. Muhammad suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### False Arrest

43. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

45. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### State Law False Imprisonment and False Arrest

46. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

48. Plaintiff was conscious of his confinement.

49. Plaintiff did not consent to his confinement.

50. Plaintiff's confinement was not otherwise privileged.

51. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

52. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

### THIRD CLAIM
### Malicious Prosecution

53. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

54. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

55. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

56. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### State Law Malicious Prosecution

57. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

58. By their conduct, as described herein, defendants are liable to plaintiff for having committed malicious prosecution under the laws of the State of New York.

59. Defendants maliciously commenced criminal proceeding against plaintiff, charging him with resisting arrest, menacing and disorderly conduct. Defendants falsely and without probable cause charged plaintiff with violations of the laws of the State of New York.

60. The commencement and continuation of the criminal proceedings against plaintiff was malicious and without probable cause.

61. All charges were terminated in plaintiff's favor.

62. Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of plaintiff. Defendant City of New York, as an employer of the individual defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

63. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FIFTH CLAIM
### Deprivation of Federal and State Due Process

64. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

65. The defendants used unduly suggestive pretrial procedures against Mr. Muhammad.

66. In using unduly suggestive pretrial procedures against Mr. Muhammad, the individual defendants violated plaintiff's Due Process rights as guaranteed by the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution and Article 1, Section 6 of the New York Constitution.

67. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages alleged herein.

## SIXTH CLAIM
### Denial of the Right to a Fair Trial

68. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

69. The individual defendants withheld material exculpatory evidence from prosecutors, fabricated and altered evidence related to the alleged identification of Mr. Muhammad as a perpetrator and forwarded false evidence to prosecutors in the Bronx County District Attorney's office.

70. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

71. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Negligent Hiring/Training/Retention

72. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

73. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

74. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

75. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

76. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

77. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### State Law Assault and Battery

78. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

79. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

80. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

81. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## NINTH CLAIM
### Intentional Infliction of Emotional Distress

82. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

83. By reason of the foregoing, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon plaintiff.

84. The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

85. Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

86. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## TENTH CLAIM
### Negligent Infliction of Emotional Distress

87. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

88. By reason of the foregoing, defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiff.

89. The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

90. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

91. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## ELEVENTH CLAIM
### Failure to Intervene

92. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

-15-

93. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

94. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

95. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:     January 26, 2017
           New York, New York

HARVIS & FETT LLP

_____
Gabriel P. Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@civilrights.nyc

*Attorneys for plaintiff*