UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

| | |
|---|---|
| HASSAN MUHAMMAD, | **ANSWER TO COMPLAINT ON BEHALF OF DEFENDANTS CITY AND CHEVERE** |
| Plaintiff, | |
| -against- | 17 CV 625 (AJN) |
| CITY OF NEW YORK, Detective JOSE CHEVERE, Shield No. 1505; and JOHN AND JANE DOE 1 through 10, | <u>Jury Trial Demanded</u> |
| Defendants. | |

-------------------------------------------------------------------------X

Defendants THE CITY OF NEW YORK and DETECTIVE JOSE CHEVERE (hereinafter referred to collectively as "Defendants"), by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their Answer to the Complaint, respectfully allege, upon information and belief, as follows:

1. Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to to proceed as stated therein.

2. Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to bring this action as stated therein.

3. Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court.

4. Deny the allegations as set forth in paragraph "4" of the Complaint, except admit that plaintiff purports to base venue in this district as stated therein.

5. Paragraph "5" of the Complaint sets forth the demand for a jury trial, rather than averments of fact, and accordingly, no response is required.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "6" of the Complaint.

7. Deny the allegations set forth in paragraph "7" of the Complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York., and that it maintains a police department, and respectfully refer the Court to the New York City Charter and the New York City Administrative Code for a recitation of the police department's functions.

8. Deny the allegations set forth in paragraph "8" of the Complaint, except admit that on or about September 12, 2015, Detective Jose Chevere was employed by the City of New York as a police detective and that his Shield Number was 1505, and that plaintiff purports to proceed as stated therein.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth Paragraph "10" of the Complaint.

11. Paragraph "11" of the Complaint sets forth conclusions of law, rather than averments of fact, and accordingly, no response is required.

12. Admit the allegations set forth in Paragraph "12" of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22. Deny the allegations set forth in paragraph "22" of the Complaint.

23. Deny the allegations set forth in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint, except admit that plaintiff was arrested on or about September 15, 2015, on the charges of attempted murder in the second degree in connection with the September 12, 2015 shooting.

25. Deny the allegations set forth in paragraph "25" of the Complaint, except admit that plaintiff was transported to the 40th Precinct and interviewed.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint, except admit that plaintiff was placed in a lineup.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint, except admit that a witness did identify plaintiff in the lineup.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint, except admit that plaintiff was arraigned, bail was set, and plaintiff was remanded to Rikers Island.

33. Deny the allegations set forth in paragraph "33" of the Complaint, except admit that plaintiff entered Rikers Island on September 16, 2015 and was released on April 20, 2016.

34. Deny the allegations set forth in paragraph "34" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein regarding whether plaintiff was sprayed with MK-9 on several occasions.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Complaint, except admit that on or about July 26, 2016 the criminal charges were dismissed.

39. Deny the allegations set forth in paragraph "39" of the Complaint, except admit that the City of New York received a document purporting to be a Notice of Claim filed on behalf of plaintiff on October 20, 2016.

40. Deny the allegations set forth in paragraph "40" of the Complaint, except admit that the claim has not been adjusted or paid.

41. Deny the allegations set forth in paragraph "41" of the Complaint, except admit that the Complaint was filed in the United State District Court, Southern District of New York on January 26, 2017.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. In response to the allegations set forth in paragraph "43" of the Complaint, Defendants repeat and reallege the responses contained within the preceding paragraphs as though fully set forth herein.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. In response to the allegations set forth in paragraph "46" of the Complaint, Defendants repeat and reallege the responses contained within the preceding paragraphs as though fully set forth herein.

47. Deny the allegations set forth in paragraph "47" of the Complaint.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the Complaint.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. In response to the allegations set forth in paragraph "53" of the Complaint, Defendants repeat and reallege the responses contained within the preceding paragraphs as though fully set forth herein.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. Deny the allegations set forth in paragraph "55" of the Complaint.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. In response to the allegations set forth in paragraph "57" of the Complaint, Defendants repeat and reallege the responses contained within the preceding paragraphs as though fully set forth herein.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. Deny the allegations set forth in paragraph "62" of the Complaint.

63. Deny the allegations set forth in paragraph "63" of the Complaint.

64. In response to the allegations set forth in paragraph "64" of the Complaint, Defendants repeat and reallege the responses contained within the preceding paragraphs as though fully set forth herein.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. Deny the allegations set forth in paragraph "66" of the Complaint.

67. Deny the allegations set forth in paragraph "67" of the Complaint.

68. In response to the allegations set forth in paragraph "68" of the Complaint, Defendants repeat and reallege the responses contained within the preceding paragraphs as though fully set forth herein.

69. Deny the allegations set forth in paragraph "69" of the Complaint.

70. Deny the allegations set forth in paragraph "70" of the Complaint.

71. Deny the allegations set forth in paragraph "71" of the Complaint.

72. In response to the allegations set forth in paragraph "72" of the Complaint, Defendants repeat and reallege the responses contained within the preceding paragraphs as though fully set forth herein.

73. Deny the allegations set forth in paragraph "73" of the Complaint.

74. Deny the allegations set forth in paragraph "74" of the Complaint.

75. Deny the allegations set forth in paragraph "75" of the Complaint.

76. Deny the allegations set forth in paragraph "76" of the Complaint.

77. Deny the allegations set forth in paragraph "77" of the Complaint.

78. In response to the allegations set forth in paragraph "78" of the Complaint, Defendants repeat and reallege the responses contained within the preceding paragraphs as though fully set forth herein.

79. Deny the allegations set forth in paragraph "79" of the Complaint.

80. Deny the allegations set forth in paragraph "80" of the Complaint.

81. Deny the allegations set forth in paragraph "81" of the Complaint.

82. In response to the allegations set forth in paragraph "82" of the Complaint, Defendants repeat and reallege the responses contained within the preceding paragraphs as though fully set forth herein.

83. Deny the allegations set forth in paragraph "83" of the Complaint.

84. Deny the allegations set forth in paragraph "84" of the Complaint.

85. Deny the allegations set forth in paragraph "85" of the Complaint.

86. Deny the allegations set forth in paragraph "86" of the Complaint.

87. In response to the allegations set forth in paragraph "87" of the Complaint, Defendants repeat and reallege the responses contained within the preceding paragraphs as though fully set forth herein.

88. Deny the allegations set forth in paragraph "88" of the Complaint.

89. Deny the allegations set forth in paragraph "89" of the Complaint.

90. Deny the allegations set forth in paragraph "90" of the Complaint.

91. Deny the allegations set forth in paragraph "91" of the Complaint.

92. In response to the allegations set forth in paragraph "92" of the Complaint, Defendants repeat and reallege the responses contained within the preceding paragraphs as though fully set forth herein.

93. Deny the allegations set forth in paragraph "93" of the Complaint.

94. Deny the allegations set forth in paragraph "94" of the Complaint.

95. Deny the allegations set forth in paragraph "95" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

96. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

97. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have they violated any Act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

98. Any injury alleged to have been sustained resulted from plaintiff's own negligent conduct or the conduct of a third party and was not the proximate result of any act of defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

99. Plaintiff cannot obtain punitive damages as against The City of New York.

### **AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

100. There was probable cause for plaintiff's arrest, detention and prosecution.

### **AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

101. At all times relevant to the incident, defendant Detective Jose Chevere acted reasonably and in the proper and lawful exercise of his discretion.

### **AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

102. There was reasonable suspicion and/or probable cause for any stop, seizure and/or search.

### **AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

103. Detective Jose Chevere may be entitled to absolute immunity on some of plaintiff's claims.

### **AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

104. Defendant Detective Jose Chevere has not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore is protected by qualified immunity.

### **AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

105. Plaintiff's claims may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

### **AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

106. To the extent plaintiff alleges claims under State law, such claims may be barred, in whole or in part, because plaintiff has failed to comply with the conditions precedent to suit.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

107.   To the extent plaintiff alleges claims under State law, such claims may be barred in whole or in part by the applicable statute of limitations.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

108.   To the extent plaintiff alleges claims under State law, such claims may be barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

109.   At all times relevant to the acts alleged in the Complaint, the duties and functions of the City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant The City of New York is entitled to governmental immunity from liability.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

110.   Plaintiff failed to mitigate his damages.

**WHEREFORE,** defendants THE CITY OF NEW YORK and DETECTIVE JOSE CHEVERE request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           April 20, 2017

                ZACHARY W. CARTER
                Corporation Counsel of the City of New York
                A*ttorney for Defendants City and Chevere*

                /s/ *Evan Brustein*
By:     _____
        Evan Brustein
        Senior Counsel

                    Special Federal Litigation Division
                    100 Church Street
                    New York, New York 10007
                    212.356.2651

To:    Gabriel P. Harvis, Esq.
        305 Broadway, 14th Floor
        New York, NY 10007
        *Attorney for plaintiff*
        (*via ECF*)