```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JUN 1 9 2017
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

HASSAN MUHAMMAD,

                         Plaintiff,

          -against-

CITY OF NEW YORK, Detective JOSE CHEVERE, Shield No. 1505; Sergeant TIMOTHY JAYCOX, Shield No. 4836; Detective JESUS RODRIGUEZ, Shield No. 4220; Detective ANTONIO ESPARRA, Shield No. 5963; Detective FRANK MONGE, Shield No. 4670; Sergeant MICHAEL LOPUZZO, shield No. 3261; Sergeant HECTOR FUENTES, Shield No. 02736; Detective BART SNYDER, Shield No. 4532; and JOHN AND JANE DOE 1 through 10,

                         Defendants.

------------------------------------------------------------- x

**STIPULATION AND PROTECTIVE ORDER FOR ATTORNEYS' EYES ONLY**

17-CV-625-AJN

      **WHEREAS**, plaintiff has requested that defendants disclose the name and address of the complaining witness and eyewitness to the underlying incident as reflected in NYPD documents, which defendants deem to be confidential or otherwise inappropriate for public disclosure; and

      **WHEREAS**, defendants deem that production of such information should be for **ATTORNEYS' EYES ONLY**, and should be disseminated only to plaintiff's counsel and to investigators working for and at the direction of plaintiff's counsel; and

      **WHEREAS**, defendants object to the disclosure of this information and production of any documents containing this information unless appropriate protection for the confidentiality of such information is assured; and

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for plaintiff and defendants, as follows:

1. As used herein, "Confidential Materials :- Attorneys' Eyes Only" shall mean: (I) names, addresses and/or any identifying information of non-party civilian witnesses; and any other documents or information concerning non-party civilian witnesses that the defendants may in the future in good faith deem "Confidential Materials - Attorneys' Eyes Only" pursuant to this Order because of privacy, security, law enforcement, or governmental interests, except that such documents and information shall not be deemed "Confidential Materials- Attorneys' Eyes Only" to the extent, and only to the extent, that they are (a) obtained by plaintiff from sources other than defendants, or (b) are otherwise publicly available.

2. The defendants shall designate in good faith particular documents or information "Confidential Materials - Attorneys' Eyes Only" by labeling such documents or information "Confidential Materials - Attorneys' Eyes Only" and/or by designating such documents by Bates Number in writing directed to plaintiff's counsel. The defendants reserve the right to designate any documents or information "Confidential Materials -Attorneys' Eyes Only" pursuant to this agreement if necessary after production of such documents to plaintiff. If plaintiff objects to the designation of particular documents as "Confidential Materials - Attorneys' Eyes Only" plaintiff shall state such objection in writing to the defendants, and the parties shall endeavor in good faith to resolve such objection. If such objection cannot be resolved, then the defendants shall, within fifteen (15) days of receiving plaintiff's objections, move for an order approving such designation.

3. Plaintiff's attorney shall not use the "Confidential Materials -Attorneys' Eyes Only" for any purpose other than for the preparation or presentation of the case entitled <u>Hassan Muhammad v. City of New York, et al.</u>, 17 CV 625 (AJN) ("this action"), including trial and/or any subsequent appeal.

4. Plaintiff's counsel shall not disclose the "Confidential Materials - Attorneys' Eyes Only" to plaintiff or to anyone else who is not either a member of the staff of their law offices or an investigator working at plaintiff's counsel's direction. In the event a conflict arises between the parties as to whether plaintiff's counsel may disclose the information or documents to a potential deponent, plaintiff agrees not to do so until such time that the parties can obtain a ruling from the Court in this regard. Before any disclosure is made to any investigator, plaintiff's attorneys shall provide each such person with a copy of this Stipulation and Protective Order for Attorneys' Eyes Only, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with locating witnesses for the prosecution of this case and not to further disclose the "Confidential Materials - Attorneys' Eyes Only." The signed consent shall be retained by plaintiff's attorneys and copies provided to counsel for the defendants.

5. Deposition testimony concerning any "Confidential Materials- Attorneys' Eyes Only" that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials - Attorneys' Eyes Only within the meaning of this Stipulation and Protective Order.

6. Where any document containing the "Confidential Materials - Attorneys' Eyes Only" is used or addressed in court submissions or produced at a trial on the merits in this matter, subject to due consideration of its admissibility to be made by the Court, the parties agree to use redacted copies of documents without further order of the Court, so long as the non-party name(s), address(es), telephone number(s); NYID Number(s), Book and Case Number(s),

and/or personal information remain redacted. Should either party wish to use or file unredacted copies of such documents, the parties shall make a joint application to the Court for permission to file those papers under seal. Upon receipt of permission, the parties shall follow the District Court protocol for filing under seal.

7. Within thirty (30) days after the termination of this case, including any appeals, the "Confidential Materials -Attorneys' Eyes Only," including all originals, copies, non-conforming copies electronic copies, notes, and any other materials containing or referring to information derived therefrom, shall be returned to defendants' attorneys or destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendants' attorney.

8. This Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed.

9. Nothing in this Stipulation and Protective Order shall be construed to limit the defendants' use of the Confidential Materials in any manner.

10. The parties reserve their rights to seek modification of this Protective Order by application to the Court for good cause shown at any time during the course of this litigation.

Dated: June 19, 2017

New York, New York

GABRIEL P. HARVIS, ESQ.
Harvis & Fett, LLP
305 Broadway, 14th Floor
New York, NY 10007
(212)-323-6680
*Attorney for plaintiff*

By: _____
GABRIEL P. HARVIS

ZACHARY W. CARTER
Corporation Counsel of the City of New York
100 Church Street
New York, NY 10007
212-356-2651
*Attorney for defendants City of New York, and Chevere*

By: _____
EVAN BRUSTEIN

SO ORDERED:

_____
THE HONORABLE ALLISON J. NATHAN
UNITED STATES DISTRICT JUDGE

DATED: 6/19/17

> The parties' joint stipulation is GRANTED insofar as the parties follow the Court's Individual Rules 4.A and 1.B regarding redactions and filing under seal.
> SO ORDERED.

## EXHIBIT A

The undersigned hereby acknowledges that (s)he is an investigator working for and at the direction of plaintiff's counsel in the action titled <u>Hassan Muhammad v. City of New York, et al.</u> has read the Stipulation and Protective Order entered in the United States District Court for the Southern District of New York on _____, 2017, in that action, and understands the terms thereof. The undersigned agrees not to use the materials designated Confidential Materials for Attorneys' Eyes only as defined therein for any purpose other than to locate non-party witnesses in connection with the prosecution or defense of this case, and will not further disclose such information.

_____          _____
Date                                                                    Signature

                                                                        _____
                                                                        Print Name

                                                                        _____
                                                                        Occupation