UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X

| | |
|---|---|
| HASSAN MUHAMMAD,<br><br>                             Plaintiff,<br><br>-against-<br><br>CITY OF NEW YORK, Detective JOSE CHEVERE, Shield No. 1505; Sergeant TIMOTHY JAYCOX, Shield No. 4836; Detective JESUS RODRIGUEZ, Shield No. 4220; Detective ANTONIO ESPARRA, Shield No. 5963; Detective FRANK MONGE, Shield No. 4670; Sergeant MICHAEL LOPUZZO, shield No. 3261; Sergeant HECTOR FUENTES, Shield No. 02736; Detective BART SNYDER, Shield No. 4532; and JOHN AND JANE DOE 1 through 10,<br><br>                             Defendants. | **ANSWER TO AMENDED COMPLAINT ON BEHALF OF DEFENDANTS JAYCOX, ESPARRA, MONGE, LOPUZZO, FUENTES, SNYDER**<br><br>17 CV 625 (AJN)<br><br>Jury Trial Demanded |

---------------------------------------------------------------------------X

Defendants SERGEANT TIMOTHY JAYCOX, DETECTIVE ANTONIO ESPARRA, DETECTIVE FRANK MONGE, SERGEANT MICHAEL LOPUZZO, SERGEANT HECTOR FUENTES, and retired DETECTIVE BART SNYDER (hereinafter referred to collectively as "Defendants"),[1] by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their Answer to the First Amended Complaint (hereinafter referred to as "Complaint"), respectfully allege, upon information and belief, as follows:

1.  Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

2.  Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to bring this action as stated therein.

---

[1] Defendants City of New York and Detective Jose Chevere filed an Answer to the Amended Complaint on or about June 7, 2017.

3. Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

4. Deny the allegations as set forth in paragraph "4" of the Complaint, except admit that plaintiff purports to base venue in this district as stated therein.

5. Paragraph "5" of the Complaint sets forth a demand for a jury trial, rather than averments of fact, and accordingly, no response is required.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "6" of the Complaint.

7. Deny the allegations set forth in paragraph "7" of the Complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York, and that it maintains a police department, and respectfully refer the Court to the New York City Charter and the New York City Administrative Code for a recitation of the police department's functions.

8. Deny the allegations set forth in paragraph "8" of the Complaint, except admit that on or about September 12, 2015, Jose Chevere, Jesus Rodriguez, Antonio Esparra, Frank Monge, and Bart Snyder were employed by the City of New York as police detectives and that their Shield Numbers were 1505, 4220, 5963, 4670, and 4532, respectively, and that Timothy Jaycox and Hector Fuentes were employed by the City of New York as police sergeants and that their Shield Numbers were 4836 and 02736, respectively, and that plaintiff purports to proceed as stated therein.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth Paragraph "10" of the Complaint.

11. Paragraph "11" of the Complaint sets forth conclusions of law, rather than averments of fact, and accordingly, no response is required.

12. Admit the allegations set forth in Paragraph "12" of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint, except admit that surveillance video was recovered during the investigation into the shooting that occurred on September 12, 2015, in the vicinity of 543 East 137th Street, Bronx, New York.

22. Deny the allegations set forth in paragraph "22" of the Complaint.

23. Deny the allegations set forth in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint, except admit that plaintiff was arrested on or about September 15, 2015, on the charge of attempted murder in the second degree, in connection with the September 12, 2015 shooting.

25. Deny the allegations set forth in paragraph "25" of the Complaint, except admit that plaintiff was transported to the 40th Precinct and interviewed.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint, except admit that plaintiff was placed in a lineup.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint, except admit that a witness did identify plaintiff in the lineup.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint, except admit that plaintiff was arraigned, bail was set, and plaintiff was remanded to Rikers Island.

33. Deny the allegations set forth in paragraph "33" of the Complaint, except admit that plaintiff entered Rikers Island on September 16, 2015 and was released on April 20, 2016.

34. Deny the allegations set forth in paragraph "34" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein regarding whether plaintiff was sprayed with MK-9 on several occasions.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Complaint, except admit that on or about July 26, 2016, the criminal charges were dismissed.

39. Deny the allegations set forth in paragraph "39" of the Complaint, except admit that the City of New York received a document purporting to be a Notice of Claim filed on behalf of plaintiff on October 20, 2016.

40. Deny the allegations set forth in paragraph "40" of the Complaint, except admit that the claim has not been adjusted or paid.

41. Deny the allegations set forth in paragraph "41" of the Complaint, except admit that the original Complaint was filed in the United State District Court, Southern District of New York, on January 26, 2017.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. In response to the allegations set forth in paragraph "43" of the Complaint, Defendants repeat and reallege the responses contained within the preceding paragraphs as though fully set forth herein.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. In response to the allegations set forth in paragraph "46" of the Complaint, Defendants repeat and reallege the responses contained within the preceding paragraphs as though fully set forth herein.

47. Deny the allegations set forth in paragraph "47" of the Complaint.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the Complaint.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. In response to the allegations set forth in paragraph "53" of the Complaint, Defendants repeat and reallege the responses contained within the preceding paragraphs as though fully set forth herein.

54. Deny the allegations set forth in paragraph "54" of the Complaint, and further state that the allegations as set forth therein regarding "under color of law" are conclusions of law, and accordingly, require no response.

55. Deny the allegations set forth in paragraph "55" of the Complaint.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. In response to the allegations set forth in paragraph "57" of the Complaint, Defendants repeat and reallege the responses contained within the preceding paragraphs as though fully set forth herein.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. Deny the allegations set forth in paragraph "62" of the Complaint.

63. Deny the allegations set forth in paragraph "63" of the Complaint.

64. In response to the allegations set forth in paragraph "64" of the Complaint, Defendants repeat and reallege the responses contained within the preceding paragraphs as though fully set forth herein.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. Deny the allegations set forth in paragraph "66" of the Complaint.

67. Deny the allegations set forth in paragraph "67" of the Complaint.

68. In response to the allegations set forth in paragraph "68" of the Complaint, Defendants repeat and reallege the responses contained within the preceding paragraphs as though fully set forth herein.

69. Deny the allegations set forth in paragraph "69" of the Complaint.

70. Deny the allegations set forth in paragraph "70" of the Complaint.

71. Deny the allegations set forth in paragraph "71" of the Complaint.

72. In response to the allegations set forth in paragraph "72" of the Complaint, Defendants repeat and reallege the responses contained within the preceding paragraphs as though fully set forth herein.

73. Deny the allegations set forth in paragraph "73" of the Complaint.

74. Deny the allegations set forth in paragraph "74" of the Complaint.

75. Deny the allegations set forth in paragraph "75" of the Complaint.

76. Deny the allegations set forth in paragraph "76" of the Complaint.

77. Deny the allegations set forth in paragraph "77" of the Complaint.

78. In response to the allegations set forth in paragraph "78" of the Complaint, Defendants repeat and reallege the responses contained within the preceding paragraphs as though fully set forth herein.

79. Deny the allegations set forth in paragraph "79" of the Complaint.

80. Deny the allegations set forth in paragraph "80" of the Complaint.

81. Deny the allegations set forth in paragraph "81" of the Complaint.

82. In response to the allegations set forth in paragraph "82" of the Complaint, Defendants repeat and reallege the responses contained within the preceding paragraphs as though fully set forth herein.

83. Deny the allegations set forth in paragraph "83" of the Complaint.

84. Deny the allegations set forth in paragraph "84" of the Complaint.

85. Deny the allegations set forth in paragraph "85" of the Complaint.

86. Deny the allegations set forth in paragraph "86" of the Complaint.

87. In response to the allegations set forth in paragraph "87" of the Complaint, Defendants repeat and reallege the responses contained within the preceding paragraphs as though fully set forth herein.

88. Deny the allegations set forth in paragraph "88" of the Complaint.

89. Deny the allegations set forth in paragraph "89" of the Complaint.

90. Deny the allegations set forth in paragraph "90" of the Complaint.

91. Deny the allegations set forth in paragraph "91" of the Complaint.

92. In response to the allegations set forth in paragraph "92" of the Complaint, Defendants repeat and reallege the responses contained within the preceding paragraphs as though fully set forth herein.

93. Deny the allegations set forth in paragraph "93" of the Complaint.

94. Deny the allegations set forth in paragraph "94" of the Complaint.

95. Deny the allegations set forth in paragraph "95" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

96. The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

97. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have they violated any Act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

98. Any injury alleged to have been sustained resulted from plaintiff's own negligent conduct or the conduct of a third party and was not the proximate result of any act of defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

99. Plaintiff failed to mitigate his damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

100. There was probable cause for plaintiff's arrest, detention and prosecution.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

101. At all times relevant to the incident, defendants Sergeant Timothy Jaycox, Detective Antonio Esparra, Detective Frank Monge, Sergeant Michael Lopuzzo, Sergeant Hector Fuentes, and retired Detective Bart Snyder acted reasonably and in the proper and lawful exercise of their discretion.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

102. There was reasonable suspicion and/or probable cause for any stop, seizure and/or search.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

103. Defendants Sergeant Timothy Jaycox, Detective Antonio Esparra, Detective Frank Monge, Sergeant Michael Lopuzzo, Sergeant Hector Fuentes, and retired Detective Bart Snyder may be entitled to absolute immunity on some of plaintiff's claims.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

104. Defendants Sergeant Timothy Jaycox, Detective Antonio Esparra, Detective Frank Monge, Sergeant Michael Lopuzzo, Sergeant Hector Fuentes, and retired Detective Bart Snyder have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are protected by qualified immunity.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

105. Plaintiff's claims may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

106. To the extent plaintiff alleges claims under State law, such claims may be barred, in whole or in part, because plaintiff has failed to comply with the conditions precedent to suit.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

107. To the extent plaintiff alleges claims under State law, such claims may be barred in whole or in part by the applicable statute of limitations.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

108.    To the extent plaintiff alleges claims under State law, such claims may be barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

109.    At all times relevant to the acts alleged in the Complaint, the duties and functions of the City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant The City of New York is entitled to governmental immunity from liability.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

110.    Plaintiff failed to mitigate his damages.

**WHEREFORE,** defendants SERGEANT TIMOTHY JAYCOX, DETECTIVE ANTONIO ESPARRA, DETECTIVE FRANK MONGE, SERGEANT MICHAEL LOPUZZO, SERGEANT HECTOR FUENTES, and retired DETECTIVE BART SNYDER request judgment dismissing the First Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           August 2, 2017

        ZACHARY W. CARTER
        Corporation Counsel of the City of New York
        A*ttorney for Defendants Jaycox, Esparra,*
        *Monge, Lopuzzo, Fuentes, and Snyder*

        /s/ *Evan Brustein*
By:    _____
        Evan Brustein
        Senior Counsel
        Special Federal Litigation Division
        100 Church Street
        New York, New York 10007

212.356.2651

To:    Gabriel P. Harvis, Esq.
305 Broadway, 14th Floor
New York, NY 10007
*Attorney for plaintiff*
(*via ECF*)