UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
HASSAN MUHAMMAD,

                         Plaintiff,

           -against-

CITY OF NEW YORK, et al.,

                        Defendants.
-------------------------------------------------------------x

17 CV 625 (AJN)

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER

HARVIS & FETT LLP
Gabriel P. Harvis, Esq.
305 Broadway, 14th Floor
New York, New York 10007

*Attorneys for plaintiff*

September 8, 2017

## PLAINTIFF HAS GOOD CAUSE FOR A PROTECTIVE ORDER

This § 1983 action concerns colorable allegations that NYPD detectives engaged in criminal conduct, including conspiracy to suborn perjury, obstruction of justice and witness tampering, in order to frame plaintiff – an innocent man – for a September 2015 attempted murder in the Bronx. *See People of the State of New York v. Hassan Muhammad*, Indictment Number 2728/2015, Recommendation for Dismissal dated July 20, 2017 ("RFD"), annexed to the Declaration of Gabriel P. Harvis dated September 8, 2017 ("Harvis Decl.") as Exhibit 1; *see also* First Amended Complaint, annexed to the Harvis Decl. as Exhibit 2, ¶¶ 12-38. As a result of the false felony charges the officers manufactured against plaintiff, Mr. Muhammad was jailed on Rikers Island for approximately 219 days on $200,000 bail until prosecutors learned of the officers' misconduct and arranged for his immediate release. *Id.*

This case was commenced on January 26, 2017 and the individual defendants were served with process in the months that followed. *See* Docket Entry nos. 1, 11, 32-37, 43. On August 2, 2017, Mr. Muhammad was approached by unidentified detectives, one of whom he recognized from the disputed events and is suspected to be a defendant. *See* Letter from G. Harvis to E. Brustein dated August 4, 2017 ("Aug. 4 Ltr."), annexed to the Harvis Decl. as Exhibit 3. As described in a letter sent to defense counsel shortly following the incident, one of the detectives initiated a conversation with Mr. Muhammad, taunting him about the litigation and informing him that the detective did not care about the lawsuit

because he would be indemnified in the event of any judgment. *Id.* It is respectfully submitted that the officers' position of power renders this encounter coercive by nature.

The Aug. 4 Ltr. provided defense counsel with a detailed account of the events, including physical descriptions of the officers and the time and location of the encounter. *Id.* The undersigned indicated that Mr. Muhammad was intimidated by the detectives, and that the conduct was improper. *Id.* Plaintiff requested that defendants take corrective action to prevent any further contact and disclose the identities of the detectives involved. *Id.*

The defendants first responded substantively to the Aug. 4 Ltr. on August 23, 2017, when defense counsel e-mailed: "If your client has any concerns about these allegations, he should report them to the CCRB. As for anything else, I cannot answer that because of attorney-client privilege." *See* E-mail from E. Brustein to G. Harvis, August 23, 2017, annexed to Harvis Decl. as Exhibit 4. Despite efforts by plaintiff to meet and confer that culminated in a phone call earlier today, defendants were unwilling to either identify the officers or provide any assurance of corrective action. Defendants maintain that plaintiff's only remedy is a "CCRB" complaint.

The Civilian Complaint Review Board ("CCRB") is a quasi-independent oversight agency for the police department that has authority to make non-binding recommendations to the NYPD commissioner regarding four categories of misconduct: excessive force, abuse

of authority, discourtesy and offensive language. *See* http://www1.nyc.gov/site/ccrb/policy/data-transparency-initiative-complaints.page.

While the detectives' behavior might constitute an abuse of authority over which the CCRB would have jurisdiction, the CCRB has no power to prevent the detectives from continuing to contact Mr. Muhammad or otherwise interfering in this litigation, or to remedy any resulting prejudice. Plaintiff respectfully submits that such power resides exclusively with this Court. *Mickle v. Morin,* 297 F.3d 114, 125 (2d Cir. 2002).

As this Court explained in *Qube Films Ltd. v. Padell*, "Rule 26(c) grants district courts discretion to grant a protective order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense, but the moving party bears the burden of establishing good cause for such a protective order." 13-CV-8405 (AJN), 2015 WL 109628, *2 (S.D.N.Y. Jan. 5, 2015) (quotation marks and citation omitted).

Plaintiff respectfully submits that the detectives' conduct on August 2, 2017 is corrosive to the integrity of these proceedings and is sufficiently annoying, embarrassing and oppressive, not to mention intimidating, that it amounts to good cause for a protective order. *Id.*

Accordingly, plaintiff respectfully requests that the Court enter a protective order to prohibit the defendants (or anyone acting on their behalf) from initiating contact with plaintiff for the purposes of discussing or commenting on this litigation.[1]

## CONCLUSION

In light of the foregoing, plaintiff respectfully requests that the Court enter a protective order and grant such other and further relief as the Court deems just and proper.

Dated:	September 8, 2017
	New York, New York

	HARVIS & FETT LLP

	_____
	Gabriel P. Harvis
	305 Broadway, 14th Floor
	New York, New York 10007
	(212) 323-6880
	gharvis@civilrights.nyc

	*Attorneys for plaintiff*

To:	Evan Brustein, Esq. (by ECF)
	*Attorney for defendants*

---

[1] If it should please the Court, plaintiff will move to compel disclosure of the officers' identities (and their photographs) by separate motion pursuant to Rule 37(a)(3)(B), if the parties are unable to resolve the dispute.