◯ #11

SUPREME COURT OF THE STATE OF NEW YORK.
CRIMINAL DIVISION, BRONX COUNTY: PART 96
-------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK

**RECEIVED**

JUL 2 5 2016

SUPREME COURT CLERK'S OFFICE
BRONX COUNTY

-against-

INDICTMENT#: 2728/2015
ARREST #: B1565374

Hassan Muhammad

Defendant
-------------------------------------------------------X

## RECOMMENDATION FOR DISMISSAL

### PRELIMINARY STATEMENT

Indictment 2728/2015, filed on October 2, 2015, charges the defendant with Attempted Murder in the Second Degree [P.L.§ 110/125.25(1)], Attempted Assault in the First Degree [P.L.§ 110/120.10(1)], Assault in the Second Degree [P.L.§ 120.05(1)], Criminal Possession of a Weapon in the Second Degree [P.L.§ 265.03(1)(b)], Criminal Possession of a Weapon in the Second Degree [P.L.§ 265.03(3)], Criminal Possession of a Firearm [P.L.§265.01-b(1)], and Criminal Possession of a Weapon in the Fourth Degree [P.L.§ 265.01(1)].

-1-

DEF322

## FACTS

On September 12, 2015 at approximately 6:40 pm in front of the barber shop near 543 East 137th Street a male in a gray sweatshirt approached [Victim] and shot him in the lower back. [Eyewitness] was standing next to [Victim] at the time. Eyewitness cooperated with the police and the People but only if his identity would remain protected. Eyewitness identified the defendant in a photo array and a line up. [Victim] stated that he did not get a good look at the shooter. He maintains that he knows the defendant and that he did not recognize the shooter to be the defendant. Video surveillance of the shooting is insufficient for identification of the shooter.

Four friends of the defendant testified that he was with them during the shooting in a nearby basement apartment playing video games. Video surveillance corroborates that the defendant entered the location, however, video surveillance did not show every possible exit from the building. Additionally, a search warrant was obtained for a nearby apartment based on information from a Confidential Informant that another individual, who is not the defendant, ran into his apartment shortly after the shooting claiming to have just done the shooting while holding a gun.

The assigned contacted [Eyewitness] to prepare for trial and [Eyewitness] explained that his identifications of the defendant were inaccurate. [Eyewitness] missed appointments and the assigned sent detective investigators to [Eyewitness's] house to leave a simple letter without his identifying information in order to protect his anonymity as much as possible. [Eyewitness] came in and met with the assigned [Eyewitness] stated that the detective pushed him to identify the defendant and that another individual in the photo array was more likely the shooter. [Eyewitness] claims that he continued to cooperate once he made the knowingly false identification

-2-

because he did not know what else to do.

The assigned conferenced the case and asked that a cut slip be issued that day for the defendant based on Eyewitness's new statement.

### DEFENDANTS' PRIOR HISTORIES:

None.

### REASONS FOR RECOMMENDATION

The only evidence linking the defendant to these crimes and that contradicted the other evidence of the defendant's innocence was the testimony of Eyewitness identification. That testimony is no longer available. As such, the People must dismiss the indictment.

DEF324

## CONCLUSION

In light of the facts that there is no available evidence of the defendant's guilt, the People recommend dismissal of the indictment against the defendant Hassan Muhammad.

WHEREFORE, the indictment against Hassan Muhammad should be dismissed. No previous recommendation of this nature has been made to any court.

Dated: July 20, 2016
Bronx, New York

Respectfully submitted,

KellyAnne Holohan
Assistant District Attorney
Trial Division 70

—4—