

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**EVAN BRUSTEIN**
*Senior Counsel*
Phone: (212) 356-2651
Fax: (212) 356-3509
ebrustei@law.nyc.gov

September 13, 2017

**BY ECF**
Honorable Alison J. Nathan
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:      <u>Hassan Muhammad v. City of New York, et. al.</u>, 17 CV 625 (AJN)

Your Honor:

      I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendants City of New York, Detective Jose Chevere, Sergeant Timothy Jaycox, Detective Antonio Esparra, Detective Frank Monge, Sergeant Michael Lopuzzo, Sergeant Hector Fuentes, and retired Detective Bart Snyder in the above-referenced matter. Defendants write in opposition to plaintiff's motion for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

      By way of background, plaintiff brought this case alleging, <u>inter alia</u>, that he was falsely arrested and maliciously prosecuted. This case was designated for participation in Local Civil Rule 83.10 ("the Section 1983 Plan"), but the mediation was unsuccessful. An Initial Conference is currently scheduled for October 27, 2017. As an initial matter, plaintiff has failed to comply with the Court's Individual Rules, which require pre-motion conferences for discovery disputes before filing a motion. Since plaintiff seeks to invoke the Court's authority pursuant to Rule 26, which addresses the "general provisions governing discovery," plaintiff's motion should be denied, for his failure to follow proper procedure.[1]

---

[1] In light of the fact that plaintiff did not follow this Court's Individual Rules, and filed a full motion rather than a letter request for a pre-motion conference, Defendants are responding to plaintiff's full motion by letter. However, Defendants will prepare an opposition brief should the Court require.

Even assuming, arguendo, that plaintiff had filed this motion as a request for a pre-motion conference, plaintiff's request should still be denied because a protective order is not the proper remedy to address the relief plaintiff seeks. Here, plaintiff seeks a protective order preventing "defendants (or anyone acting on their behalf) from initiating contact with plaintiff for the purposes of discussing or commenting on this litigation." See generally Plaintiff's Memorandom of Law, dated September 8, 2017. Rule 26(c) states:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending – or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> a. Forbidding the disclosure or discovery;
> b. Specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
> c. Prescribing a discovery method other than the one selected by the party seeking discovery;
> d. Forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
> e. Designating the persons who may be present while the discovery is conducted;
> f. Requiring that a deposition be sealed and opened only on court order;
> g. Requiring that a trade secret or other confidential research, development, or commercial information not revealed or be revealed only in specified way; and
> h. Requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

See F.R.C.P. 26(c). As the contact plaintiff alleges is not related to discovery, and does not fall into any of the Rule 26 subsections listed above, this motion is frivolous. In support of his motion, plaintiff only cites two cases, neither of which are relevant to the instant matter. Mickle v. Morin, 297 F.3d 114, 125 (2d Cir. 2002), dealt with the Court's ability to sanction an attorney for failing to comply with a Court order. Plaintiff is not seeking sanctions with this motion, but rather a protective order, something wholly unrelated to Mickle. The other case relied upon by plaintiff, Qube Films Ltd. v. Padell, 13-CV-8405 (AJN), 2015 U.S. Dist. LEXIS 2021, *2

2

(S.D.N.Y. Jan. 5, 2015), involved a request for a protective order to protect the defendant "from answering any interrogatories and/or requests for admissions and from the taking of his deposition." Id. In Qube, this Court denied that application stating that "Courts in this circuit have noted that, [f]or purposes of a protective order, good cause is established when a party is able to show that a clearly defined, specific and serious injury will occur in the absence of such an order." Id., at *6. (internal citations and quotations omitted).

Here, not only is the relief sought in the protective order, not governed by Rule 26(c), but even if it was, plaintiff has failed to establish good cause. Plaintiff's only alleged injury is that he was intimidated. See Plaintiff's Letter, dated August 4, 2017, attached to the Declaration of Gabriel P. Harvis, dated September 8, 2017, as Exhibit 3. This is hardly sufficient to suggest that a clearly defined specific and serious injury will occur, much less did occur. Moreover, the undersigned has no reason to believe that this allegation is true. Defendants submit that if plaintiff were actually intimidated, he would have filed a complaint with an investigative agency and sought immediate relief. Notably, plaintiff has not signed an affidavit in support of the allegations made by his counsel. However, even if these allegations were true, plaintiff has not shown that in the intervening month and half since the interaction allegedly occurred, any harm has occurred, without a "protective order." In addition, Defendants submit that an order preventing either party from contacting the other for the purposes of discussing or commenting on this litigation is unnecessary as Defendants would comply with that sentiment even without court action.

The undersigned advised plaintiff's counsel during their meet and confer held on September 8, 2017, that a protective order was not an appropriate application and that plaintiff should file an official complaint with the appropriate investigative agency, if plaintiff believed that he had been subject to improper contact by a police officer. This is especially so since the Office of the Corporation Counsel is not an investigative agency. Plaintiff's counsel informed defense counsel that neither he nor his client had filed a complaint with the CCRB or any other investigative agency, and that they had no intention of doing so.

Accordingly, Defendants respectfully request the Court deny plaintiff's motion in its entirety, and advise plaintiff's counsel that plaintiff should file a complaint with the appropriate investigative agency, if plaintiff believes he has been subjected to improper contact by a member of the NYPD.

Defendants thank the Court for its consideration herein.

Respectfully submitted,
/s/
Evan Brustein
Senior Counsel
Special Federal Litigation Division

CC: Gabriel P. Harvis, Esq. (BY ECF)