

# OFFICE OF THE BRONX DISTRICT ATTORNEY

---

DARCEL D. CLARK  
District Attorney

198 East 161 Street  
Bronx, New York 10451

(718) 838-7302  
(718) 500-6013 - Fax  
mab@bronxda.nyc.gov

Beverly M. Ma  
Assistant District Attorney

October 25, 2017

**VIA ECF FILING**

The Honorable Alison J. Nathan  
United States District Judge  
  for the Southern District of New York  
Thurgood Marshall United States Courthouse  
40 Foley Square  
New York, NY  10007

        Re:    *Hassan Muhammad v. City of New York, et al.*  
               Case Number 17-CV-625

Dear Judge Nathan:

      I am an Assistant District Attorney in the Civil Litigation Bureau of the Bronx County District Attorney's Office ("Bronx DA"), a non-party to this proceeding. I submit this letter brief in opposition to plaintiff's letter motion to compel production of the grand jury minutes in the underlying criminal matter entitled *People of the State of New York v. Hassan Muhammad*, Docket Number 2015BX044089 and Indictment Number 2728/2015. Bronx DA has not consented to voluntary disclosure of the grand jury minutes because they are sealed by statute and this office is required by law to maintain the secrecy of such proceedings. *See*, New York Criminal Procedure Law §190.25(4); Penal Law §215.70; *see also*, Fed. R. Crim. P. 6(e).

1. *Plaintiff's generalized claims of relevance are insufficient to justify the disclosure of grand jury minutes*.

      It is well-settled that a party seeking disclosure of grand jury minutes must demonstrate a particularized need for the unsealing of the minutes. *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222-23 (1979). To make this showing, the party seeking the grand jury minutes must show that (a) the material sought is needed to prevent an injustice; (b) the need for disclosure is greater than the need for secrecy; and (c) the request is structured to cover only material so needed. *Scheiner v. Wallace*, 1995WL653931 at *5 (S.D.N.Y. 1995). Plainly, this

showing has not been made on the bare face of plaintiff's subpoena. Plaintiff did not provide specific facts that indicate a compelling or particularized need for the release of grand jury minutes. Additionally, a generalized statement that the minutes would be relevant to plaintiff's malicious prosecution claim, that plaintiff would otherwise suffer "irreparable harm," or that the minutes can be used for impeachment, is insufficient to demonstrate particularized need. *See, e.g., Brown v. City of New York*, 2007WL415080 at *1-2 (S.D.N.Y. 2007); *Baynes v. Ruderfer*, 234 F. Supp.3d 574, 578 (S.D.N.Y. 2017).

Moreover, plaintiff's subpoena is overbroad because it amounts to a fishing expedition for discovery that is available by other means. *Brown*, 2007WL415080 at *2. Since Bronx DA is informed and believes that plaintiff has requested the depositions of the police officers involved in plaintiff's arrest, it is evident that other means exist for the discovery of relevant information. *Baynes*, 234 F. Supp.3d at 571. Thus, even plaintiff's suggestion to limit the disclosure to the testimony of the police officers is insufficient because (1) such discovery can be accomplished through the depositions of these officers; and (2) plaintiff should not be allowed to pick and choose from the grand jury testimony and risk deceiving the ultimate fact-finder with singular facts presented out of context.

The importance of context is especially clear given plaintiff's eleventh-hour disclosure of a statement purportedly made by the eyewitness and signed only two weeks ago, which is attached as Exhibit 1 (Plaintiff's "Witness Statement") to plaintiff's letter motion. In this statement, which appears to have been only recently taken by plaintiff's investigator and signed by the eyewitness (two years after the events leading to plaintiff's arrest in 2015), the eyewitness purports to retract his/her earlier identification of plaintiff as the shooter. This late disclosure raises an equal "specter" of witness coercion that the secrecy of grand jury proceedings is intended to protect against. Since the identity of this witness is known to plaintiff, plaintiff should have sought to depose the witness during discovery. Instead, plaintiff has chosen to impugn the credibility of this witness and potentially threaten the witness' safety. Accordingly, Bronx DA asks the Court consider the public interest in grand jury secrecy and find that it is not outweighed by plaintiff's interest in breaching that secrecy.

2. *Since the underlying criminal matter did not proceed to trial, plaintiff should first be required to request an unsealing order in state court.*

Typically, Bronx DA requires parties requesting grand jury minutes to first apply for an unsealing order to the court where the grand jury proceedings took place or, in this case, to the Supreme Court, Bronx County. Acknowledging that federal courts may independently address applications for the disclosure of grand jury minutes, there is nothing that prohibits this Court from considering state privacy interests and requiring plaintiff to first seek disclosure from the state court as a matter of comity. *See, e.g., Cruz v. Kennedy*, 1997WL839483 at *1 (S.D.N.Y. 1997), citing *Townes v. New York City*, 1996WL164961 at *10 (E.D.N.Y. 1996). The cases cited by plaintiff in support of his contention that the federal courts can "routinely" order the release of grand jury materials are distinguishable because there was no criminal trial in the instant matter in which the grand jury witnesses testified in public. *See, e.g., Savino v. City of New York*, 1999WL1212174 at *1 (S.D.N.Y. 1999) (allowing the release of grand jury minutes based on the fact that witness testimony was also given during a public trial of the criminal

matter). Additionally, plaintiff's citation to *Cruz* is inapposite because the case does not stand for the proposition that plaintiff need not first seek disclosure of grand jury proceedings in state court. The *Cruz* opinion distinguished that concept because the plaintiff in that case requested the contents of a sealed criminal file from the New York County District Attorney's Office. *Cruz*, 1997WL839483 at *2, n.2. Since the underlying criminal matter involving Hassan Muhammad did not proceed to a trial in which the same witnesses were required to testify in public, the secrecy of the grand jury proceedings should be maintained and plaintiff's motion should be denied.

Accordingly, non-party Bronx DA respectfully requests that the Court deny plaintiff's motion to compel production of the grand jury minutes in the underlying criminal matter. In the alternative, Bronx DA requests the opportunity to be heard in a telephonic conference on this issue should the Court deem it appropriate. Thank you for your consideration of this matter.

Sincerely,

Beverly M. Ma
Assistant District Attorney

cc: Evan Brustein (by email)
Assistant Corporation Counsel
New York City Law Department

Gabriel P. Harvis (by email)
Harvis & Fett