

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

EVAN BRUSTEIN
*Senior Counsel*
Phone: (212) 356-2651
Fax: (212) 356-3509
ebrustei@law.nyc.gov

October 25, 2017

**BY ECF**
Honorable Alison J. Nathan
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    <u>Hassan Muhammad v. City of New York, et. al.</u>, 17 CV 625 (AJN)

Your Honor:

    I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendants City of New York, Detective Jose Chevere, Sergeant Timothy Jaycox, Detective Antonio Esparra, Detective Frank Monge, Sergeant Michael Lopuzzo, Sergeant Hector Fuentes, and retired Detective Bart Snyder (hereinafter "Defendants") in the above-referenced matter. Defendants write in opposition to plaintiff's motion for the partial unsealing of grand jury minutes.[1]

    By way of background, plaintiff brought this case alleging, <u>inter alia</u>, that he was falsely arrested and maliciously prosecuted on the charge of attempted murder in the second degree, in connection with a shooting that occurred on September 12, 2015, at 543 East 137th Street, in Bronx, New York. Notwithstanding that plaintiff could have made an application to unseal the grand jury minutes in state court prior to filing this lawsuit on January 26, 2017, plaintiff has put forth no evidence to support his claim that bringing this application in state court would have delayed these proceedings in any way. While plaintiff argues that he requires the grand jury minutes to rebut the presumption of probable cause created by the indictment, plaintiff's application to unseal grand jury minutes does not seek to have the Court unseal the testimony of the sole eyewitness or any other civilian witnesses who may have testified in the

---

[1] Plaintiff has again failed to comply with the Court's Individual Rules, by filing a letter in excess of the Court's three-page limit.

grand jury. While Plaintiff claims that he needs the prior grand jury testimony of any police officers who testified in the grand jury for impeachment of the individually named defendants, he makes no request for the testimony of the sole eyewitness, whose sworn statement plaintiff attached as Exhibit "1," and whose grand jury testimony must have greatly differed from his sworn statement to produce an indictment of plaintiff. While Defendants would take no position with respect to the Court ordering the unsealing of the entire grand jury testimony subject to an appropriate stipulation of confidentiality and for the purposes of this litigation only, Defendants object to plaintiff's request to only unseal the grand jury minutes of the police officers who may have testified. It is clear that plaintiff is only seeking the minutes that he believes will help his case rather than seeking the full testimony.

Accordingly, Defendants respectfully request the Court deny plaintiff's motion in its entirety, or at a minimum, require the unsealing of all the grand jury testimony subject to an appropriate stipulation of confidentiality and for the purposes of this litigation only.

Defendants thank the Court for its consideration herein.

Respectfully submitted,
/s/
Evan Brustein
Senior Counsel
Special Federal Litigation Division

CC: Gabriel P. Harvis, Esq. (BY ECF)