UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X

| | |
|---|---|
| HASSAN MUHAMMAD,<br><br>                              Plaintiff,<br><br>       -against-<br><br>CITY OF NEW YORK, Detective JOSE CHEVERE, Shield No. 1505; Sergeant TIMOTHY JAYCOX, Shield No. 4836; Detective JESUS RODRIGUEZ, Shield No. 4220; Detective ANTONIO ESPARRA, Shield No. 5963; Detective FRANK MONGE, Shield No. 4670; Sergeant MICHAEL LOPUZZO, shield No. 3261; Sergeant HECTOR FUENTES, Shield No. 02736; Detective BART SNYDER, Shield No. 4532; and JOHN AND JANE DOE 1 through 10,<br><br>                              Defendants. | **ANSWER TO AMENDED COMPLAINT ON BEHALF OF DEFENDANT RODRIGUEZ**<br><br>17 CV 625 (AJN)<br><br>Jury Trial Demanded |

---------------------------------------------------------------------------X

Defendant DETECTIVE JESUS RODRIGUEZ (hereinafter referred to as "Defendant"),[1] by his attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for his Answer to the Amended Complaint (hereinafter referred to as "Complaint"), respectfully allege, upon information and belief, as follows:

1.  Denies the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiff purports to proceed as stated therein.

2.  Denies the allegations set forth in paragraph "2" of the Complaint, except admits that plaintiff purports to bring this action as stated therein.

---

[1] Defendants City of New York and Detective Jose Chevere filed an Answer to the Amended Complaint on or about June 7, 2017. Defendants Sergeant Timothy Jaycox, Detective Antonio Esparra, Detective Frank Monge, Sergeant Michael Lopuzzo, Sergeant Hector Fuentes, and retired Detective Bart Snyder filed an Answer to the Amended Complaint on or about August 2, 2017.

   3. Denies the allegations set forth in paragraph "3" of the Complaint, except admits that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

   4. Denies the allegations as set forth in paragraph "4" of the Complaint, except admits that plaintiff purports to base venue in this district as stated therein.

   5. Paragraph "5" of the Complaint sets forth a demand for a jury trial, rather than averments of fact, and accordingly, no response is required.

   6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "6" of the Complaint.

   7. Denies the allegations set forth in paragraph "7" of the Complaint, except admits that the City of New York is a municipal corporation organized under the laws of the State of New York, and that it maintains a police department, and respectfully refers the Court to the New York City Charter and the New York City Administrative Code for a recitation of the police department's functions.

   8. Denies the allegations set forth in paragraph "8" of the Complaint, except admits that on or about September 12, 2015, Jose Chevere, Jesus Rodriguez, Antonio Esparra, Frank Monge, and Bart Snyder were employed by the City of New York as police detectives and that their Shield Numbers were 1505, 4220, 5963, 4670, and 4532, respectively, and that Timothy Jaycox and Hector Fuentes were employed by the City of New York as police sergeants and that their Shield Numbers were 4836 and 02736, respectively, and that plaintiff purports to proceed as stated therein.

   9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

   10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth Paragraph "10" of the Complaint.

11. Paragraph "11" of the Complaint sets forth conclusions of law, rather than averments of fact, and accordingly, no response is required.

12. Admits the allegations set forth in Paragraph "12" of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint, except admits that surveillance video was recovered during the investigation into the shooting that occurred on September 12, 2015, in the vicinity of 543 East 137th Street, Bronx, New York.

22. Denies the allegations set forth in paragraph "22" of the Complaint.

23. Denies the allegations set forth in paragraph "23" of the Complaint.

24. Denies the allegations set forth in paragraph "24" of the Complaint, except admits that plaintiff was arrested on or about September 15, 2015, on the charge of attempted murder in the second degree, in connection with the September 12, 2015 shooting.

25. Denies the allegations set forth in paragraph "25" of the Complaint, except admits that plaintiff was transported to the 40th Precinct and interviewed.

26. Denies the allegations set forth in paragraph "26" of the Complaint.

27. Denies the allegations set forth in paragraph "27" of the Complaint.

28. Denies the allegations set forth in paragraph "28" of the Complaint, except admits that plaintiff was placed in a lineup.

29. Denies the allegations set forth in paragraph "29" of the Complaint.

30. Denies the allegations set forth in paragraph "30" of the Complaint, except admits that a witness did identify plaintiff in the lineup.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint.

32. Denies the allegations set forth in paragraph "32" of the Complaint, except admits that plaintiff was arraigned, bail was set, and plaintiff was remanded to Rikers Island.

33. Denies the allegations set forth in paragraph "33" of the Complaint, except admits that plaintiff entered Rikers Island on September 16, 2015 and was released on April 20, 2016.

34. Denies the allegations set forth in paragraph "34" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein regarding whether plaintiff was sprayed with MK-9 on several occasions.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint.

36. Denies the allegations set forth in paragraph "36" of the Complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Complaint, except admits that on or about July 26, 2016, the criminal charges were dismissed.

39. Denies the allegations set forth in paragraph "39" of the Complaint, except admits that the City of New York received a document purporting to be a Notice of Claim filed on behalf of plaintiff on October 20, 2016.

40. Denies the allegations set forth in paragraph "40" of the Complaint, except admits that the claim has not been adjusted or paid.

41. Denies the allegations set forth in paragraph "41" of the Complaint, except admits that the original Complaint was filed in the United State District Court, Southern District of New York, on January 26, 2017.

42. Denies the allegations set forth in paragraph "42" of the Complaint.

43. In response to the allegations set forth in paragraph "43" of the Complaint, Defendant repeats and realleges the responses contained within the preceding paragraphs as though fully set forth herein.

44. Denies the allegations set forth in paragraph "44" of the Complaint.

45. Denies the allegations set forth in paragraph "45" of the Complaint.

46. In response to the allegations set forth in paragraph "46" of the Complaint, Defendant repeats and realleges the responses contained within the preceding paragraphs as though fully set forth herein.

47. Denies the allegations set forth in paragraph "47" of the Complaint.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the Complaint.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the Complaint.

50. Denies the allegations set forth in paragraph "50" of the Complaint.

51. Denies the allegations set forth in paragraph "51" of the Complaint.

52. Denies the allegations set forth in paragraph "52" of the Complaint.

53. In response to the allegations set forth in paragraph "53" of the Complaint, Defendant repeats and realleges the responses contained within the preceding paragraphs as though fully set forth herein.

54. Denies the allegations set forth in paragraph "54" of the Complaint, and further state that the allegations as set forth therein regarding "under color of law" are conclusions of law, and accordingly, require no response.

55. Denies the allegations set forth in paragraph "55" of the Complaint.

56. Denies the allegations set forth in paragraph "56" of the Complaint.

57. In response to the allegations set forth in paragraph "57" of the Complaint, Defendant repeats and realleges the responses contained within the preceding paragraphs as though fully set forth herein.

58. Denies the allegations set forth in paragraph "58" of the Complaint.

59. Denies the allegations set forth in paragraph "59" of the Complaint.

60. Denies the allegations set forth in paragraph "60" of the Complaint.

61. Denies the allegations set forth in paragraph "61" of the Complaint.

62. Denies the allegations set forth in paragraph "62" of the Complaint.

63. Denies the allegations set forth in paragraph "63" of the Complaint.

64. In response to the allegations set forth in paragraph "64" of the Complaint, Defendant repeats and realleges the responses contained within the preceding paragraphs as though fully set forth herein.

65. Denies the allegations set forth in paragraph "65" of the Complaint.

66. Denies the allegations set forth in paragraph "66" of the Complaint.

67. Denies the allegations set forth in paragraph "67" of the Complaint.

68. In response to the allegations set forth in paragraph "68" of the Complaint, Defendant repeats and realleges the responses contained within the preceding paragraphs as though fully set forth herein.

69. Denies the allegations set forth in paragraph "69" of the Complaint.

70. Denies the allegations set forth in paragraph "70" of the Complaint.

71. Denies the allegations set forth in paragraph "71" of the Complaint.

72. In response to the allegations set forth in paragraph "72" of the Complaint, Defendant repeats and realleges the responses contained within the preceding paragraphs as though fully set forth herein.

73. Denies the allegations set forth in paragraph "73" of the Complaint.

74. Denies the allegations set forth in paragraph "74" of the Complaint.

75. Denies the allegations set forth in paragraph "75" of the Complaint.

76. Denies the allegations set forth in paragraph "76" of the Complaint.

77. Denies the allegatons set forth in paragraph "77" of the Complaint.

78. In response to the allegations set forth in paragraph "78" of the Complaint, Defendant repeats and realleges the responses contained within the preceding paragraphs as though fully set forth herein.

79. Denies the allegations set forth in paragraph "79" of the Complaint.

80. Denies the allegations set forth in paragraph "80" of the Complaint.

81. Denies the allegations set forth in paragraph "81" of the Complaint.

82. In response to the allegations set forth in paragraph "82" of the Complaint, Defendant repeats and realleges the responses contained within the preceding paragraphs as though fully set forth herein.

83. Denies the allegations set forth in paragraph "83" of the Complaint.

84. Denies the allegations set forth in paragraph "84" of the Complaint.

85. Denies the allegations set forth in paragraph "85" of the Complaint.

86. Denies the allegations set forth in paragraph "86" of the Complaint.

87. In response to the allegations set forth in paragraph "87" of the Complaint, Defendant repeats and realleges the responses contained within the preceding paragraphs as though fully set forth herein.

88. Denies the allegations set forth in paragraph "88" of the Complaint.

89. Denies the allegations set forth in paragraph "89" of the Complaint.

90. Denies the allegations set forth in paragraph "90" of the Complaint.

91. Denies the allegations set forth in paragraph "91" of the Complaint.

92. In response to the allegations set forth in paragraph "92" of the Complaint, Defendant repeats and realleges the responses contained within the preceding paragraphs as though fully set forth herein.

93. Denies the allegations set forth in paragraph "93" of the Complaint.

94. Denies the allegations set forth in paragraph "94" of the Complaint.

95. Denies the allegations set forth in paragraph "95" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

96. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

97. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has he violated any Act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

98. Any injury alleged to have been sustained resulted from plaintiff's own negligent conduct or the conduct of a third party and was not the proximate result of any act of defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

99. Plaintiff failed to mitigate his damages.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

100. There was probable cause for plaintiff's arrest, detention and prosecution.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

101. At all times relevant to the incident, defendant Jesus Rodriguez acted reasonably and in the proper and lawful exercise of his discretion.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

102. There was reasonable suspicion and/or probable cause for any stop, seizure and/or search.

### **AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

103. Defendant Detective Jesus Rodriguez may be entitled to absolute immunity on some of plaintiff's claims.

### **AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

104. Defendant Detective Jesus Rodriguez has not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore is protected by qualified immunity.

### **AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

105. Plaintiff's claims may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

### **AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

106. To the extent plaintiff alleges claims under State law, such claims may be barred, in whole or in part, because plaintiff has failed to comply with the conditions precedent to suit.

### **AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

107. To the extent plaintiff alleges claims under State law, such claims may be barred in whole or in part by the applicable statute of limitations.

### **AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

108. To the extent plaintiff alleges claims under State law, such claims may be barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### **AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

109. Plaintiff failed to mitigate his damages.

**WHEREFORE,** defendant DETECTIVE JESUS RODRIGUEZ requests judgment dismissing the First Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
October 26, 2017

ZACHARY W. CARTER
Corporation Counsel of the City of New York
A*ttorney for Defendant Rodriguez*

By: /s/ *Evan Brustein*

Evan Brustein
Senior Counsel
Special Federal Litigation Division
100 Church Street
New York, New York 10007
212.356.2651

To: Gabriel P. Harvis, Esq.
305 Broadway, 14th Floor
New York, NY 10007
*Attorney for plaintiff*
(*via ECF*)