

**T**HE **C**ITY OF **N**EW **Y**ORK
**L**AW **D**EPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**ZACHARY W. CARTER**
*Corporation Counsel*

**EVAN BRUSTEIN**
*Senior Counsel*
Phone: (212) 356-2651
Fax: (212) 356-3509
ebrustei@law.nyc.gov

November 1, 2017

**BY ECF**
Honorable Alison J. Nathan
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:  <u>Hassan Muhammad v. City of New York, et. al.</u>, 17 CV 625 (AJN)

Your Honor:

      I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, and am assigned to represent the defendants in the above-referenced matter. For the reasons set forth below, Defendants write in opposition to plaintiff's motion for a discovery conference, dated October 30, 2017 (ECF Document No. 67) (hereinafter "Pl. Mot.").

      By way of background, plaintiff alleges, <u>inter alia</u>, that he was falsely arrested and maliciously prosecuted on the charge of attempted murder in the second degree, in connection with a shooting that occurred on September 12, 2015, at 543 East 137th Street, in Bronx, New York. In his Case Management Plan ("CMP"), filed on October 20, 2017, plaintiff indicated that he was going to seek a Local Civil Rule 37.2 Conference to discuss his contemplated motion to compel outstanding discovery. <u>See</u> CMP, Civil Docket Report, Document No. 57, at ¶17. Then, in plaintiff's October 23, 2017 letter to the Court, plaintiff stated that he "anticipates moving to compel…certain outstanding discovery from the defendants." <u>See</u> Joint Pre-conference Statement, dated October 23, 2017, Civil Docket Report, at Document No. 59. Despite these assertions, notably, plaintiff failed to raise any of the purported discovery disputes he raises in the instant motion with the Court during the Initial Conference held on October 27, 2017 – a mere three days before he filed the instant motion. Additionally, plaintiff has omitted several important facts from his application. Accordingly, and for the reasons set forth below, plaintiff's motion for a discovery conference should be denied in its entirety.

**<u>Plaintiff's Request for a Privilege Log is Without Basis</u>**

      With respect to plaintiff's demand for a privilege log, plaintiff misleadingly states that there are hundreds of redactions within Defendants' disclosures. Plaintiff conveniently

failed to mention that excluding disciplinary records, Defendants have produced over 500 pages of documents, and that the only redactions made to those documents were pertaining to identifying information, such as the name, date of birth, address, and/or arrest history for the non-party shooting victim, eyewitness to the shooting, and other civilian witnesses. Furthermore, Defendants have also produced pursuant to the "Attorneys' Eyes Only" Stipulation, endorsed by the Court on June 19, 2017, the names of the victim and the eyewitness. Additionally, during the meet and confer, the undersigned went through all of the purported issues plaintiff's counsel had with the redactions and addressed any confusion plaintiff's counsel claimed to have. Notably, outside of the disciplinary records, plaintiff has not identified any redactions that are unclear to him.

With respect to the disciplinary records, plaintiff falsely claims that Defendants have made redactions to these records based upon a privilege. During the meet and confer, the undersigned explicitly informed plaintiff's counsel that none of the redactions made on the disciplinary records produced to date were due to a privilege, and none of the documents, which had been withheld, had been withheld on the basis of privilege. Furthermore, Defendants have not only produced the IAB resumes, CCRB histories, and CPI indexes for defendants Detective Chevere and Sergeant Lopuzzo,[1] but have also informed plaintiff that defense counsel would make available for discovery and inspection at defense counsel's office the underlying files for substantiated and unsubstantiated allegations against the individually-named defendants that were the same or similar to those alleged in the Amended Complaint or relate to truthfulness, within the 10 years prior to the incident. See Letter from Senior Counsel Evan Brustein to Gabriel Harvis, Esq., dated September 18, 2017, annexed to Pl. Mot. as Ex. 4, at pp.4-5, Agenda Item Number 5.18. To date, plaintiff has made no effort to view any of the underlying files. As to any redactions made on the IAB resumes, CCRB histories, and CPI indexes, Defendants also advised plaintiff that those redactions were not based on any privilege, but rather on the above-mentioned limitations. As such, plaintiff's request for a privilege log should be denied.

**Plaintiff's Request for In Camera Review Should Be Denied**

With respect to plaintiff's request for *in camera* review of the individual defendants' personnel and disciplinary records, Defendants submit that the documents sought by plaintiff are not relevant to any party's claims or defenses and are only meant to harass the defendants. "Citing grounds such as relevance, improper similar act evidence, and prejudice, courts have consistently denied requests to discover CCRB complaints and other similar documents – especially when the complaints are unsubstantiated." Thompson v. City of New York, 05-CV-3082 (PAC) (JCF), 2006 U.S. Dist. LEXIS 4797, at *5 (S.D.N.Y. Feb. 7, 2006)(internal citations omitted). Despite this, Defendants have agreed to make available for inspection by plaintiff's counsel all underlying files for substantiated and unsubstantiated allegations against Chevere, Lopuzzo and Rodriguez that are the same or similar to those in plaintiff's Amended Complaint, as well as those that relate to the truthfulness for the ten years preceding the Incident. Notably, plaintiff's counsel has not attempted to review any of the

---

[1] Defendants will be producing the IAB resume, CCRB history, and CPI Index for defendant Detective Rodriguez within 30 days of October 27, 2017, the date he appeared in this action.

underlying files, which Defendants have made available. In light of plaintiff's counsel's failure to review the above underlying files, Defendants submit that the Court should not be burdened with an *in camera* review of any additional underlying files, and accordingly, respectfully request that this portion of plaintiff's motion be denied at the outset.

As for the production of photographs of defendants Chevere, Lopuzzo, and Rodriguez, Defendants object to their production on the grounds that these photographs are not relevant to any party's claim or defenses and they are protected from disclosure by the official information and law enforcement privileges. "In the absence of some reason for doing so, the production of photographs of the defendants must be denied." Tareem McDonald v.City of New York, 13-CV-4529 (ARR) (VVP), Dkt. No. 21 (E.D.N.Y. Mar. 24, 2014). Here, plaintiff has not proffered a good faith basis for his demand for privileged photographs. In fact, the only reason plaintiff has suggested for seeking these photos is so plaintiff can review them. Pl. Mot. at p.2. Significantly, unlike in Castro v. City of New York, 94-CV-5114 (JFK), 1995 U.S. Dist. LEXIS 17631 (S.D.N.Y. Nov. 28, 1995), the sole case cited by plaintiff in support of his request, plaintiff is not claiming that these photographs are necessary to help him identify an unknown officer who committed any alleged constitutional violations, nor could he do so in good faith, since plaintiff does not claim to have witnessed any of the alleged constitutional violations. Accordingly, the Court should deny plaintiff's request for privileged photographs in the first instance, along with his request for a conference to discuss same.[2]

**Plaintiff's Request for Identification of Certain Witnesses Should Be Denied**

Here, plaintiff misleadingly claims that Defendants have refused to identify the approving supervisors. In response to Interrogatory 1(d), Defendants informed plaintiff that "Sergeant Lopuzzo is listed as the 'Supervisor Approving' on the paperwork pertaining to plaintiff's arrest." See Defendants' Discovery Responses, dated August 28, 2017, annexed to Pl. Mot. as "Exhibit 2," at Response to Interrogatory 1(d). Defendants submit that this information is responsive to plaintiff's Interrogatory, and to the extent plaintiff wishes more information, he will have an opportunity to depose the Defendants, if he chooses to do so.

With respect to plaintiff's request for the names of any other suspects who may have been investigated by the NYPD after plaintiff's arrest, Defendants submit that this information is not relevant to any party's claims or defenses. As Defendants have produced the Letter from Assistant District Attorney Gregory Sparer to plaintiff's criminal defense attorney, attached to Plaintiff's Motion, as Exhibit 8, which provided Brady information regarding two other individuals, who were brought to the attention of the District Attorney's Office after plaintiff's arrest, the disclosure of their names at this juncture is irrelevant. Plaintiff has not and cannot show that any information regarding these other individuals makes plaintiff's allegations any more or less likely to be true. Therefore, as plaintiff claims that "full discovery of these alternate suspects is justified," the Court should not permit plaintiff to unnecessarily seek full discovery of non-party civilians, who are entitled to the right to privacy.

---

[2] To the extent the Court is inclined to grant plaintiff's application to compel photographs of members of the NYPD, Defendants respectfully request the opportunity to fully brief the issue.

3

Defendants thank the Court for its consideration herein.

                                          Respectfully submitted,
                                              /s/
                                          Evan Brustein
                                          Senior Counsel
                                          Special Federal Litigation Division

CC:    Gabriel P. Harvis, Esq. (BY ECF)