

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: NOV 0 2 2017

SO ORDERED: 11/2/17

/s/ Alison J. Nathan
HON. ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE

**GABRIEL P. HARVIS**
**BAREE N. FETT**

October 30, 2017

BY ECF
Honorable Alison J. Nathan
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

> Per the Court's Order referring this matter to the Magistrate Judge for general pretrial supervision, the parties are advised that the below-stated dispute, as well as Plaintiff's request for a *Dunton* hearing, *see* Dkt. No. 68, will be addressed by the Magistrate.
> SO ORDERED.

  Re: *Hassan Muhammad v. City of New York, et al.*, 17 CV 625 (AJN)

Your Honor:

  I represent plaintiff Hassan Muhammad in the above-referenced civil rights action. I write pursuant to § 2(C) of the Court's Individual Practices and Local Civil Rule 37.2 to respectfully request an informal conference to address plaintiff's contemplated motion to compel discovery.

  Plaintiff served interrogatories and document requests, annexed hereto as Exhibit 1, on July 10, 2017. Defendants served their responses, annexed hereto as Exhibit 2, on August 28, 2017. Plaintiff outlined deficiencies in defendants' responses by email on September 6, 2017. *See* Email from G. Harvis to E. Brustein, annexed hereto as Exhibit 3. Defendants responded by letter dated September 18, 2017. *See* Letter, annexed hereto as Exhibit 4. In conversations totaling over ninety minutes, counsel for the parties discussed the issues by telephone on September 19, 2017 and September 26, 2017. As agreed, defendants supplemented their disclosures on September 29, 2017. *See* Letter, annexed hereto as Exhibit 5. While the meet and confer process has narrowed the issues, disputes remain. Accordingly, plaintiff respectfully seeks an informal conference to address the following open issues:

1. **Missing Privilege Log; Waiver.** The documents defendants have produced contain hundreds of redactions, with officer disciplinary summaries almost completely blacked out based on purported privilege assertions. Defendants, however, refuse to provide a privilege log explaining the basis for the redactions,

Hon. Alison J. Nathan
Oct. 30, 2017

taking the position that none is required. *See* Exhibit 2 at Responses to Interrogatory 9 (pp. 15-16) and Document Request 15 (p. 39); Exhibit 4 at p. 2. Plaintiff respectfully submits that this is incorrect, inasmuch as defendants' position contravenes Rule 26(b)(5), Local Civil Rule 26.2 and decisional law of this district. *See, e.g., Kitevski v. City of New York*, 04 CV 7402 (RCC) (RLE), 2006 WL 680527, *4 (S.D.N.Y. Mar. 16, 2006) ("The assertion of a privilege requires the preparation and production of a privilege log. The failure to prepare a privilege log may result in a finding that the privilege has been waived.") (citations omitted). Plaintiff thus respectfully requests that defendants be ordered to detail their redactions in an appropriate log by a date certain.

2. **Insufficient Officer Disclosures; Request for *In Camera* Review.** Plaintiff agreed in good faith, subject to further investigation, to cabin discovery as to most of the named individual defendants, based on a proffer from those defendants that they had only minimal, ministerial involvement in the disputed events. *See* Letter dated July 27, 2017, annexed hereto as Exhibit 6; Emails, annexed as Exhibit 7. As to the defendants with admitted personal involvement in this serious constitutional case – Chevere, LoPuzzo and Rodriguez – plaintiff seeks the usual disclosure of personnel and disciplinary records, along with photographs of the officers for plaintiff's review. *See* Exhibit 1 at Document Request 3 (pp. 7-8); *Zhao v. City of New York*, 07 CV 3636 (LAK) (MHD), 2007 WL 4205856, *2 (S.D.N.Y. Nov. 21, 2007) (discussing scope of officer disciplinary discovery in § 1983 police misconduct cases); *Morrissey v. City of New York*, 171 F.R.D. 85, 92 (S.D.N.Y. 1997) (same); *Castro v. City of New York*, 94 CV 5114, 94 CV 6767, 1995 WL 699730 (S.D.N.Y. Nov. 28, 1995) (addressing production of officer photographs). In response, defendants have produced a total of only ten pages of heavily-redacted, cryptic summaries (with no privilege log), offering no useful information, related to Chevere and LoPuzzo *only*.[1] Plaintiff respectfully requests that defendants be ordered to respond in full to Document Request 3 by a date certain, and that the Court conduct *in camera* review of the redacted material.

---

[1] Notably, defendant LoPuzzo (the commanding officer of the 40th Precinct Detective Squad directly involved in plaintiff's arrest), was recently discredited by the Hon. William H. Pauley III. *See United States v. Pritchette*, 219 F. Supp. 3d 379, 385 (S.D.N.Y. 2016) ("Rather than acknowledge the obvious, LoPuzzo held firm in his denial that the hat was already on the interrogation room floor when he entered with Pritchette. This Court cannot credit such testimony."). Based on the few redacted pages produced to plaintiff, this false testimony does not appear to have been investigated, which plaintiff respectfully submits may ultimately bear on municipal liability. *See Cordero v. City of New York*, ___ F.Supp.3d ___, 2017 WL 4685544, *3 (E.D.N.Y. Oct. 17, 2017).

Page 2

Hon. Alison J. Nathan
Oct. 30, 2017

3. **Identification of Approving Supervisors and Other Suspects**. Despite plaintiff's specific interrogatory, defendants have refused to identify the "supervisors who ordered, requested…or approved" plaintiff's arrest, offering no authority for their position. *See* Exhibit 2 at Response to Interrogatory 1(d); Exhibit 4 at p. 2. Plaintiff respectfully submits that the information is discoverable and indeed vital to his forthcoming amendment of the complaint. *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). By the same token, defendants have improperly refused to respond to plaintiff's Interrogatory 11, a narrow request for the identity of other suspects who, according to discovery, were reported to police and prosecutors. *See* Exhibit 2 at Response to Interrogatory 11 (pp. 16-17); Exhibit 4 at p. 4; Letter from ADA Sparer, annexed hereto as Exhibit 8. Given the facts of this case, in which evidence suggests police officers purposefully framed plaintiff for attempted murder in the absence of any proof, plaintiff respectfully submits that full discovery of the alternate suspects is justified.

In light of the foregoing, plaintiff respectfully requests that the Court convene an informal conference to discuss plaintiff's anticipated motion to compel.

Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis

Encl.

cc: Evan Brustein, Esq.