

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK

# LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

EVAN BRUSTEIN
*Senior Counsel*
Phone: (212) 356-2651
Fax: (212) 356-3509
ebrustei@law.nyc.gov

November 9, 2017

**BY ECF**
Honorable Kevin N. Fox
United States Magistrate Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    Re: Hassan Muhammad v. City of New York, et. al., 17 CV 625 (AJN) (KNF)

Your Honor:

    I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, and am assigned to represent the defendants in the above-referenced matter.  For the reasons set forth below, Defendants write in opposition to plaintiff's letter opposing production of a global § 160.50 release by plaintiff, dated November 3, 2017 (ECF Document No. 74) (hereinafter "Pl. Mot.").

    By way of background, plaintiff alleges, inter alia, that he was falsely arrested and maliciously prosecuted on the charge of attempted murder in the second degree, in connection with a shooting that occurred on September 12, 2015, at 543 East 137th Street, in Bronx, New York.  Pursuant to the Plan for certain §1983 cases against the City of New York, defendants obtained a release from plaintiff permitting defendants to obtain a list of all his prior arrests, which included arrests for possession of firearm.  As the Court is aware, records regarding plaintiff's prior arrests and incarcerations that resulted in dismissals, if any, are likely sealed pursuant to N.Y. Crim. Proc. Law § 160.50.  Thus, without a release for sealed arrest and criminal prosecution records, defendants may be unable to obtain information regarding prior instances in which plaintiff was arrested and incarcerated.  "This confidentiality privilege is intended to protect the accused and may not be used by him as a sword to gain an advantage in a civil action."  Cicero v. City of New York, 11-CV-0360 (NGG), 2011 U.S. Dist. LEXIS 80880, at *5 (E.D.N.Y. Jul. 25, 2011) (internal citations and quotation marks omitted).  As plaintiff is asserting a claim for false arrest in this case, and seeking money damages pertaining to this claim, plaintiff's prior arrest history is relevant to the parties' claims and defenses in this action.

Plaintiff's sole support for his application opposing the production of a global release, Creighton v. City of New York, 12-CV-7454 (PGG) (DF) 2016 U.S. Dist. LEXIS 38716 (S.D.N.Y. Mar. 17, 2016), actually supports the production of such a release in this action. As plaintiff has a claim for emotional distress damages related to being wrongfully held in custody, "this would certainly open the door to Defendants obtaining discovery regarding the extent to which plaintiff was incarcerated or held in custody." Id., at *4. Unlike in Creighton, where the plaintiff had no period of incarceration or extended detention, plaintiff has admitted that he was detained during at least some of his other arrests.[1] See Pl. Mot., at p. 2.

Furthermore, unlike in Creighton, where the court was concerned with subjecting the party to embarrassment or oppression, plaintiff is not claiming that his prior arrest history would do either. Notably, plaintiff is not seeking a protective order to prevent questions on the subject, and has even stated that he has no objection to testifying about his prior sealed arrest history. See Pl. Mot., at p. 1. As plaintiff concedes that his prior arrest history is relevant, Defendants should be permitted to discover any documents related to those arrests. While plaintiff argues that the number of his prior arrests and the arrest charges would be sufficient to raise damages arguments at trial, this argument both misses the point and is inaccurate. Defendants need these records not just for trial but in preparation for plaintiff's deposition.

In Schiller v. City of New York, No. 04 Civ. 7922 (KMK) (JCF), 2006 U.S. Dist. LEXIS 88854 (S.D.N.Y. 2006) (interim order), the Court noted that "the City correctly points out that documents detailing [plaintiff's] prior arrest experiences, previous arrest processing, and criminal court proceedings are relevant to refute [his] claims regarding the cause and extent of emotional distress damages attributable to his [] arrest and confinement." Id. at *24. See also Cicero v. City of New York, 2011 U.S. Dist. LEXIS 80880, at *8. (There is no basis for refusing to provide a release to defendants to obtain the plaintiff's prior arrest records because the "documents have obvious potential relevance both as to credibility and damages.") Defendants cannot properly question plaintiff about his prior arrests based upon the limited information contained in plaintiff's arrest history. This arrest history does not include the time or place of the arrest, details about the underlying incident, all of the arrest charges, or even how long plaintiff was detained in connection with the arrest. Defendants need access to plaintiff's prior arrest records to adequately prepare for plaintiff's deposition. Defendants should be permitted to access these records not only to know what questions to ask plaintiff, but also to assess the credibility of plaintiff's answers.

Plaintiff attempts to argue that his prior arrests are further protected from disclosure because of his age. However, New York courts have made no such distinction. For example, in Taylor v. New York City Transit Authority, 131 A.D.2d 460, 462 (2d Dept. 1987), the court held that defendant was entitled to discovery of material concerning the arrest and prosecution of the infant plaintiffs because it was "relevant to the issues raised by the false arrest and malicious prosecution claims… The plaintiffs by bringing this civil action have waived any

---

[1] As plaintiff has refused to provide a global §160.50 release, Defendants can neither confirm nor refute plaintiff's representation with respect to his detention on his prior sealed arrests.

2

privilege to keep these records secret from the defendant." Here, the arrests at issue are not juvenile delinquencies and are relevant to this action.

As plaintiff placed these prior arrests at issue by initiating this lawsuit and does not even object to answering questions at his deposition[2] about them, Defendants respectfully request the Court deny plaintiff's motion, and accordingly, compel plaintiff to sign a global §160.50 release.

Defendants thank the Court for its consideration herein.

Respectfully submitted,<br>
/s/<br>
Evan Brustein<br>
Senior Counsel<br>
Special Federal Litigation Division

CC:   Gabriel P. Harvis, Esq. (BY ECF)

---

[22] Plaintiff's offer to testify about his prior arrests at his deposition does not negate the need for a general §160.50 release. Plaintiff does not guarantee that he recalls every detail of his prior arrests, including time spent in custody. Without access to the underlying records, defendants are constrained by plaintiff's memory and are precluded from the ability to challenge his credibility.

3