Harnmuhc

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
 3   HASSAN MUHAMMAD,
 4                 Plaintiff,
 5            v.                        17 Civ. 625 (AJN)
 6   CITY OF NEW YORK, et al.,
 7                 Defendants.            Conference
 8   ------------------------------x
                                        New York, N.Y.
 9                                      October 27, 2017
                                        3:55 p.m.
10
     Before:
11
                     HON. ALISON J. NATHAN,
12
                                        District Judge
13
14                        APPEARANCES
15   HARVIS WRIGHT & FETT LLP
          Attorneys for Plaintiff
16   BY:  GABRIEL P. HARVIS
17   NEW YORK CITY LAW DEPARTMENT
          Attorneys for Defendants
18   BY:  EVAN C. BRUSTEIN
19
20
21
22
23
24
25
```

Harnmuhc

1                (Case called)

2                THE COURT:  We are here for our initial pretrial

3       conference in this matter.  I have your joint letter and

4       proposed case management plan.  I thank you for that.

5                I have reviewed those and the pleadings -- well, I

6       shouldn't say joint.  It's a nonjoint case management plan.

7                Why don't you take a few moments to situate me in the

8       case as you see fit for purposes of our scheduling discussion

9       and let me know what's anticipated in terms of discovery and

10      anticipated obstacles to discovery and we will finalize the

11      plan.  We can also address the grand jury issue.

12               MR. HARVIS:  Thank you, your Honor.

13               So this is an individual damages claim under Section

14      1983, the prime claim is for malicious prosecution.  My client

15      was arrested in connection with a shooting at a barbershop in

16      the Bronx in September of 2015.

17               He was later presented and indicted.  We don't have

18      access to the grand jury minutes, as your Honor alluded to.

19               He was then subsequently held on Rikers Island on an

20      attempted murder charge for approximately 219 days.  We have

21      provided the Court with a document that was filed by the

22      prosecution when they learned from the sole eyewitness that the

23      eyewitness was alleging police misconduct.

24               In their recommendation for dismissal, the prosecutor

25      indicated that the eyewitness had recanted and had in fact

Harnmuhc

1    alleged that the police officer who was involved in the

2    investigation had suggested that the witness identify my client

3    as being the perpetrator.

4         So, after being held for 219 days, he was released and

5    then shortly thereafter there was another court appearance and

6    the charges were dismissed.

7         We have been proceeding through the Local Rule 83.10

8    process.  We went to mediation.  It was unsuccessful.  We have

9    had some ongoing settlement discussions, but those to this

10   point have been unsuccessful as well.

11        We did exchange initial document requests and

12   responses, so we are a little bit further along, which is why

13   we propose a rather short remaining discovery period.

14        The only obstacle that I see that would really get in

15   the way of completing discovery on time is this issue of the

16   grand jury minutes, which is why we raised it with the Court in

17   advance of the conference.

18        THE COURT:  I will take that up in a minute.

19        Just to be clear, you did submit separate case

20   management plans, but I think effectively the same schedule, is

21   that right?

22        MR. HARVIS:  It is off by a month your Honor.  I think

23   we were suggesting -- plaintiff was suggesting 60 days, and the

24   defendant was suggesting 90 days.  That is the only difference.

25        THE COURT:  All right.

Harnmuhc

 1            MR. BRUSTEIN:  There is one other difference, your

 2    Honor.  We don't believe that the time frame for amending the

 3    complaint needs to be extended, as there already has been an

 4    amendment of the pleadings.

 5            MR. HARVIS:  We contemplate further amendment, your

 6    Honor.

 7            THE COURT:  You do?

 8            MR. HARVIS:  We do.

 9            THE COURT:  But you have what you need to amend now?

10            MR. HARVIS:  I believe so, yeah.  We are in a position

11    to do that.

12            THE COURT:  So why not within the next 30 days.

13            MR. HARVIS:  That sounds reasonable.

14            THE COURT:  OK.  Mr. Brustein?

15            MR. BRUSTEIN:  Based on the fact that we have already

16    been proceeding to schedule depositions, defendants feel that

17    they should know what the pleadings are going to be before

18    doing depositions.  So if plaintiff is going to delay amending

19    the complaint, we would ask for more time so that we are not

20    surprised by what the allegations are as the depositions are

21    occurring.

22            THE COURT:  What do you anticipate in terms of

23    amendment?

24            MR. HARVIS:  I want to add a supervisory liability

25    claim against the person who was running the detective squad,

Harnmuhc

1    and I want to add a Monell claim regarding the city's

2    monitoring of officers who commit perjury.  I don't think it's

3    going to affect depositions.

4                THE COURT:  How about two weeks?

5                MR. HARVIS:  That is fine with me.

6                THE COURT:  Within the next two weeks.  OK.

7                Do you want to speak to the month difference in the

8    schedule and justification for each?

9                Go ahead.

10               MR. HARVIS:  Thank you, your Honor.

11               Just, as I said we have already basically largely

12   completed the document discovery, so we already have

13   depositions on the calendar for the district attorneys and the

14   lead investigating detective.

15               That just puts it into the beginning of November.  I

16   just don't see any reason to further delay.  I mean, we filed

17   the case back January, and it was time consuming to go through

18   the local rule process.

19               THE COURT:  Sometimes it works.

20               OK.  Thank you.

21               Mr. Brustein.

22               MR. BRUSTEIN:  Your Honor, this is a case where I

23   believe that there are eight defendants.  As counsel indicated,

24   plaintiffs are intending to depose two assistant district

25   attorneys.  We haven't set dates for the seven of the named

Harnmuhc

1    defendants, and just being realistic I think 60 days is not

2    enough time.  I don't think that a 90-day schedule is so

3    extensive.

4              THE COURT:  All right.

5              I will adopt the defendants' proposed schedule.  I

6    would rather be realistic about the time rather than have you

7    come back and ask for more time and then I just say no.

8              So we will adopt the defendants proposed schedule.

9    Plaintiff will make the anticipated amendments to the pleading

10   within the next two weeks.

11             Then, with respect to settlement, you have been

12   through the mediation program.  It was unsuccessful.

13             At what point would it make sense to try again?

14             MR. HARVIS:  Well, I mean we are in ongoing

15   conversations.  In terms of mediation, I mean, we can keep the

16   referral open.  I didn't find the process particularly

17   fruitful.  We have had more success on our own.  I am just

18   mentioning that.  I guess maybe after we take some depositions,

19   maybe the DAs and the first investigator --

20             THE COURT:  When are those scheduled for?

21             MR. HARVIS:  I think through -- like the 17th of

22   November is when that section will be done?

23             MR. BRUSTEIN:  Yes, your Honor.

24             THE COURT:  OK.  Why don't I hear from you by the end

25   of November.  So by November 30.  I think it is right that the

Harnmuhc

1    mediation referral stays open, but if that is not the case and

2    you need a new referral, let me know; or if you would like to

3    instead try with the magistrate judge, I can do a referral to

4    the magistrate judge at that time.

5         But I'll hear from you by November 30 if you would

6    like to pursue one of those options.

7         MR. HARVIS:  OK.

8         THE COURT:  If at any point sooner you are interested

9    in the referral, just let me know, and I'll get it out right

10   away, but I will keep tabs and hear from you then.

11        On the grand jury issue, I have looked at your papers

12   and the law, and it seems to Mr. Harvis that many courts do

13   require out of comity a request to the state court in the first

14   instance.

15        Have you made that request, and, if so, why not?

16        MR. HARVIS:  We have not, your Honor.  The reason why

17   not is we were following the *Cruz v. Kennedy* line of cases,

18   where, you know, I think that the issues of comity are a little

19   bit impacted by the fact that we are seeking material in the

20   DA's possession, and we are not asking your Honor to compel

21   another court to do something.  We are asking to just compel

22   the DA to comply with the subpoena.

23        THE COURT:  What is the difference?  It's grand jury

24   testimony, right?

25        MR. HARVIS:  Right.  Yeah, well, I mean, I think for

Harnmuhc

1    the reasons that Judge Wood articulated in the *Cruz* case, I

2    think it has just has to do with the, I guess basically the

3    inherent ability of the federal court to order the discovery,

4    and the fact that you know --

5            THE COURT:  It is clear I have the authority.  But as

6    I see it, I have a list of cases of colleagues of mine or in

7    other districts or circuits which recognize the authority, but

8    do require, with leave to refile, seeking it in the state

9    court.

10           As you said, you filed the case in January.  Why not

11   just seek it from the state court all along, and then, if you

12   don't get it, make the argument to me.

13           MR. HARVIS:  The reason is, your Honor, we believe

14   that the minutes are particularly vital to this case because

15   they are -- in the decision that we presented to your Honor, I

16   think it's the *Dale v. Bartels* decision that is cited in our

17   letter, it talks about how when the grand jury testimony is the

18   res itself of the litigation -- that's at the end of our

19   letter.  I apologize, your Honor.  This is it's quoted at

20   length on page 7.

21           THE COURT:  Yes.

22           MR. HARVIS:  It was Judge Brieant.  Basically, because

23   the case turns on what happened in front of the grand jury, and

24   because we sort of feel like there's, if anything, a moral and

25   ethical obligation on the part of the prosecutors and the

Harnmuhc

```
1    police department to have looked into the fact that there are
2    what we believe are credible indications of police perjury
3    here, that our position sort of was as a matter of equity the
4    DA's office should have consented or at least withheld its
5    opposition.
6         THE COURT:  Why aren't those perfectly good arguments
7    to make to the state court?
8         MR. HARVIS:  They are?  It is not that they aren't.
9    It is just that we thought, since your Honor is empowered to do
10   it, and since we are working under this schedule just for the
11   sake of efficiency, and because the Court has de novo review
12   over any decision from the state court that we thought it would
13   be just more efficient.
14        THE COURT:  The case you cited from Judge Wood, which
15   is --
16        MR. HARVIS:  Cruz v. Kennedy.
17        THE COURT:  The Cruz case, that one went to trial, and
18   so the heightened secrecy protections and the like were not in
19   play.  The case by Judge Brieant that you cite, was that the
20   same facts?  Dale?
21        MR. HARVIS:  Well, I believe there was a trial in that
22   case as well, but I guess the reason why I don't know that that
23   distinction is meaningful here I would submit is because we are
24   only -- we're only applying for the police officers' testimony,
25   and there's a long line of cases in this district and the
```

Harnmuhc

1    Eastern District that say th normal expectation of privacy and

2    the concerns around grand jury secrecy don't really apply in

3    the case of government officials because they are not going to

4    be, like, for example, intimidated from testifying in another

5    grand jury because we see their testimony and because we are

6    dealing with, again, you know, what are really profound issues

7    of potential police misconduct we think that the equities favor

8    this court hearing the application.

9            THE COURT:  I am going to give Mr. Brustein a chance

10   in a second.

11           As I say, I have a long list of cases who send it

12   first to the state.  Do you know how those play out?  Does the

13   state court grant?  If not, you go back and --

14           MR. HARVIS:  I did it once before in Brooklyn, and it

15   was granted, and I made the same argument there that I made

16   here, which is as mater of law under the *Rothstein v. Carrer*

17   case, we are going to lose our malicious prosecution case if we

18   don't prove what happened before the grand jury.

19           THE COURT:  How long did that take?  That process?

20           MR. HARVIS:  A couple of weeks as I recall.  I'm so

21   out of my element in state court that obviously that is another

22   factor to be honest.  But it is what it is.

23           THE COURT:  OK.  Fair enough.

24           Mr. Brustein?

25           MR. BRUSTEIN:  As a beginning matter, I would note

Harnmuhc

1   that the district attorney's office isn't here to respond, and

2   I note that they were opposing this application.

3           THE COURT:  Right.

4           MR. BRUSTEIN:  I would also note that while counsel is

5   saying that he needs these records to overcome the burden in a

6   one-witness identification case, he is not seeking that

7   eyewitness' testimony.  So it seems to go against his argument

8   that he needs those records to show that he can overcome it.

9           And the fact that he's only seeking the officer's

10  testimony as opposed to any civilian witnesses who testified in

11  the grand jury seems to go directly against the fairness and

12  equity that he's arguing for.

13          So we would be opposed to the cherrypicking of

14  information from the grand jury to unseal and submit that to

15  look at only select portions of a grand jury testimony and

16  attempt to say if you look at page 1 and page 7 you can see

17  that this was not proper without looking at everything that was

18  put before the grand jury to decide whether or not the

19  indictment should stand.  So, based on those grounds, we are

20  opposed to the application.

21          THE COURT:  Briefly.

22          MR. HARVIS:  Yes, your Honor.

23          It was an accommodation to attempt to reach an

24  agreement.  I would very much like to see the entire record.

25  Just one more thing is just, if you look the eyewitness

Harnmuhc

1  statement itself, I read that.  My interpretation of that was

2  that it didn't appear that the witness had testified before the

3  grand jury.  For the Court's information, maybe they did, maybe

4  they didn't.

5      THE COURT:  All right.  My view is that plaintiff's

6  request is inappropriate at this juncture.  I certainly do have

7  the authority to unseal state grand jury minutes.  *See Cruz* and

8  other cases.  They have generally required persons seeking such

9  disclosure to make their application to the state court first,

10 which is designed to ensure comity within the judiciary.

11     As I say, I have a number of citations here.  I don't

12 need to read them to you, but both Southern District of New

13 York, Eastern District of New York, Second Circuit opinions or

14 orders expressing this view.  And I am going to follow that

15 process here.

16     I don't think that reason has been presented to me to

17 deviate from that general practice, and I won't do so.  If,

18 after reviewing the plaintiff's application, the state court

19 concludes that secrecy of the grand jury proceedings is

20 unwarranted, plaintiff may challenge that decision before me.

21 I will then determine whether the plaintiff has made a showing

22 of particularized need for the material, and, if so, whether

23 the need outweighs the secrecy considerations articulated by

24 the state court.

25     Likewise, if there is undue delay, we have a sample of

Harnmuhc

1   one from you, and it was only a few weeks, so if you had made

2   the request in January we would be well on our way.  If there

3   is undue delay, that might present a different calculus to me.

4         MR. HARVIS:  Just one thing, your Honor.

5         So, we have these depositions now scheduled for the

6   first week of November.  These are the assistants who presented

7   to the case to the grand jury, so I don't see how I could

8   possibly take those depositions without the benefit of the

9   minutes.  I understand this is not the Court's problem.  I am

10  just saying this may result in the adjournment of those

11  depositions.

12        THE COURT:  OK.

13        I think at the end of the day maybe having those dates

14  can help speed things in the state process.  If you need to

15  adjourn them, you adjourn them.  If that leads to an

16  adjournment of the fact discovery schedule here, you can make

17  such a request since we've anticipated the issue.

18        MR. HARVIS:  Thank you.

19        THE COURT:  Anything else I can address at this time?

20        MR. HARVIS:  Yes, your Honor.

21        We mentioned it in our letter we think that there is a

22  potential conflict issue here under the *Dunton* -- the case is

23  729 F.2d 903 *Dunton v. County of Suffolk*.  Our concern is that

24  there's evidence here of specific wrongdoing by a particular

25  subset of officers.

Harnmuhc

1              THE COURT:  Yes.

2              MR. HARVIS:  Our concern is that we may be

3    jeopardizing any verdict or judgment that we get if it's

4    allowed to proceed with joint representation of all the

5    defendants.  I just wanted to bring the issue to the Court's

6    attention and raise it.

7              The Second Circuit does, when the circumstances

8    warrant, allow the court to hold basically a hearing to confirm

9    that everyone who is involved is on board with the joint

10   representation.  I just wanted to make a record that we believe

11   that circumstances may warrant that sort of hearing, your

12   Honor.

13             THE COURT:  Mr. Brustein.

14             MR. BRUSTEIN:  We appreciate Mr. Harvis' concerns,

15   your Honor, but we don't believe there is an issue.

16             THE COURT:  How about this.  Why don't we set a date

17   by which you put in an application with the supporting

18   authority and facts to hold such a hearing.

19             How much time do you need for that, counsel?

20             MR. HARVIS:  30 days, your Honor.

21             THE COURT:  30?

22             MR. HARVIS:  30.

23             THE COURT:  OK.

24             If that is filed, Mr. Brustein, how much time do you

25   need to respond?  Two weeks?

Harnmuhc

1            MR. BRUSTEIN:  The issue is I have a trial scheduled

2     for December 14.  So I would ask for three weeks, your Honor.

3            THE COURT:  Fair enough.

4            Then I will take a look at the authorities and figure

5     out if we need to proceed.  If so, we will bring you in.

6            MR. HARVIS:  Thank you.

7            THE COURT:  Anything else I can address at this time?

8            MR. HARVIS:  Not from plaintiff, your Honor.

9            THE COURT:  Thank you have a nice weekend.

10            MR. BRUSTEIN:  Your Honor?

11            THE COURT:  Sorry.  Go ahead.

12            MR. BRUSTEIN:  One thing that I would like to raise to

13     your Honor's attention is we do intend to make a motion to

14     compel certain discovery items from plaintiff; notably the

15     plaintiff is refusing to provide a global 160-50 release as

16     well as some other documents.  With respect to the global

17     160-50, we do have a deposition scheduled for plaintiff on

18     November 21.  We would submit that the global 160-50 goes to

19     the damages for his claim, so having information of his prior

20     arrest history is certainly important for us for the purposes

21     of being able to depose him.

22            Counsel is objecting to the disclosure, saying that a

23     simple list of the arrests is sufficient, and we would submit

24     that that does not show many of the things that are necessary,

25     such as time in custody, the circumstances of that arrest, what

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

Harnmuhc

| | |
|---|---|
| 1 | those allegations were.  All of those are things that we submit |
| 2 | do go to damages.  Since this is a false arrest, malicious |
| 3 | prosecution case, whether or not he's had similar types of |
| 4 | experiences on other incidents we submit would be relevant and |
| 5 | should be discoverable. |
| 6 |       MR. HARVIS:  May I heard, your Honor? |
| 7 |       THE COURT:  Very briefly. |
| 8 |       MR. HARVIS:  I would like the opportunity to brief the |
| 9 | issue basically.  We have a decision from the magistrate |
| 10 | assigned to this days, Judge Freeman I have. |
| 11 |       THE COURT:  Not in this case. |
| 12 |       MR. HARVIS:  Not in this case, but on literally |
| 13 | identical facts from less than a year ago in which the city -- |
| 14 | the same situation, where the Local Rule 83.10 release was |
| 15 | provided and then there was a briefing before the magistrate |
| 16 | about whether or not it was appropriate to provide a further |
| 17 | release and the magistrate concluded it was not. |
| 18 |       I would like the opportunity to present our authority |
| 19 | to the Court on that issue. |
| 20 |       THE COURT:  All right.  Why don't we tee it up, since |
| 21 | essentially it is a motion to compel.  Why don't you put your |
| 22 | authority in for resisting.  As I sit here, it sounds like they |
| 23 | are entitled to it, but I will look at your authority.  So, a |
| 24 | three-page letter. |
| 25 |       MR. HARVIS:  OK. |

Harnmuhc

```
 1                THE COURT:  Within what?  A week?

 2                MR. HARVIS:  Sure.

 3                THE COURT:  Opposition of three pages a week after

 4       that?

 5                MR. BRUSTEIN:  Yes.

 6                THE COURT:  Hopefully I have time.  If not, I will

 7       send it to the magistrate.

 8                MR. BRUSTEIN:  Thank you, your Honor.

 9                THE COURT:  Thank you.

10                MR. HARVIS:  That is fine with us.

11                Thank you very much, your Honor.

12                THE COURT:  We are adjourned.

13                We will call the next case.

14                (Adjourned)

15

16

17

18

19

20

21

22

23

24

25
```