

| | | |
|---|---|---|
| **ZACHARY W. CARTER**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | EVAN BRUSTEIN<br>*Senior Counsel*<br>Phone: (212) 356-2651<br>Fax: (212) 356-3509<br>ebrustei@law.nyc.gov |

November 16, 2017

**BY ECF**
Honorable Kevin N. Fox
United States Magistrate Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:  <u>Hassan Muhammad v. City of New York, et. al.</u>, 17 CV 625 (AJN) (KNF)

Your Honor:

      I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, and am assigned to represent the defendants in the above-referenced matter.  For the reasons set forth below, Defendants write in response to plaintiff's motion, dated November 14, 2017, requesting that the Court (1) seal Docket Entry No. 75 and (2) deny Defendants' request that plaintiff provide a global § 160.50 release.

      By way of background, plaintiff filed a letter, dated November 3, 2017, opposing Defendants' motion to compel the production of a global § 160.50 release.  <u>See</u> Civil Docket Report, at Document No. 74.  Defendants filed a response to plaintiff's letter on November 9, 2017.  <u>See</u> Civil Docket Report, at Document No. 75.  Shortly after Defendants filed that letter, plaintiff's counsel, Gabriel Harvis, Esq., contacted the undersigned indicating that the letter contained confidential information.  Upon receiving Mr. Harvis' email on November 9, 2017, the undersigned immediately refiled the letter without the portions which plaintiff deemed confidential and emailed ecf_error@nysd.courts.gov requesting that the entry be marked deficient because it contained confidential information and had been replaced by the new letter.  The undersigned then notified Mr. Harvis of the actions that had been taken to remedy the situation.  Notably, Mr. Harvis did not respond, but instead filed the instant motion.

      Defendants do not object to Docket Entry No. 75 being sealed, and in fact, in response to the underlying motion, the undersigned followed up with ECF to ensure that the deficient docket entry would not be accessible to the public, which it is not.  Plaintiff's suggestion that Defendants have been cavalier with confidential information is offensive and inaccurate.  Plaintiff incorrectly assumes that Defendants used information obtained from the

2

§ 160.50 release provided by plaintiff. They did not. Defendants obtained the information contained in their letter from the New York City Police Department Omniform System B.A.D.S. Report, which plaintiff produced to Defendants during discovery and which plaintiff did not deem confidential. Notwithstanding that, Defendants immediately took steps to address plaintiff's concerns that the information was also contained in a confidential document. As such, plaintiff's suggestion that this should have any impact on plaintiff's production of a global § 160.50 release is without merit.

Accordingly, Defendants have no objection to the Court sealing Document No. 75, and respectfully request that the Court deny the remainder of plaintiff's motion.

Defendants thank the Court for its consideration herein.

Respectfully submitted,
/s/
Evan Brustein
Senior Counsel
Special Federal Litigation Division

CC:   Gabriel P. Harvis, Esq. (BY ECF)