

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**EVAN BRUSTEIN**
*Senior Counsel*
Phone: (212) 356-2651
Fax: (212) 356-3509
ebrustei@law.nyc.gov

November 22, 2017

**BY ECF**
Honorable Kevin N. Fox
United States Magistrate Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

   Re: <u>Hassan Muhammad v. City of New York, et. al.</u>, 17 CV 625 (AJN) (KNF)

Your Honor:

   I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, and am assigned to represent the defendants in the above-referenced matter. Defendants write in opposition to plaintiff's motion requesting a <u>Dunton</u> hearing, dated November 1, 2017 (ECF Document No. 68) (hereinafter "Pl. Mot.").

   By way of background, plaintiff alleges, <u>inter alia</u>, that he was falsely arrested and maliciously prosecuted on the charge of attempted murder in the second degree, in connection with a shooting that occurred on September 12, 2015, at 543 East 137th Street, in Bronx, New York. In addition, plaintiff alleges that during the underlying criminal matter, the only eyewitness was coerced by defendant Chevere into identifying plaintiff during a photo identification procedure.

   Plaintiff now claims that there is a potential conflict in this Office's representation of all defendants and argues that the Court should resolve these potential conflict issues with a hearing. <u>See</u> <u>Dunton v. County of Suffolk</u>, 729 F.2d 903 (2d Cir. 1984). At the outset, plaintiff fails to identify what specifically he believes the conflict with multiple representation to be and amongst whom. Of course, this is because there has been no deposition testimony thus far and, to the extent that any of the defendants previously testified during the course of the criminal matter, at, for example, the grand jury, plaintiff has not yet obtained this testimony. As such, the suggestion that there stands a conflict based on the testimony of the defendants is entirely speculative. To the extent that plaintiff is suggesting that the testimony of defendant Chevere *may* be at odds with the statement obtained by plaintiff from the eyewitness, plaintiff has not cited any authority for the proposition that this fact alone creates a conflict of the type recognized

by Dunton, e.g., one that disqualifies representation by the Corporation Counsel. The only issue raised by a discrepancy between the potential testimony of a defendant and a non-party witness is one of credibility for the jury to decide.

The cases relied on by plaintiff are inapposite as they involve indictments and/or other findings of wrongdoing against the individually-named defendants. Here, no criminal action was taken against any of the individual defendants as a result of plaintiff's arrest (or otherwise) nor were the defendants disciplined by the NYPD for their involvement in plaintiff's arrest. In fact, plaintiff never filed a complaint with the Civilian Complaint Review Board or with NYPD's Internal Affairs Bureau following his arrest. Plaintiff's argument that there *may* be a conflict "*if* criminal charges were brought against Chevere (if, for example, it is revealed that he perjured himself before the grand jury)" is specious.  As plaintiff readily admits in his motion, the grand jury minutes, to which he is referring, are sealed, and as such, plaintiff has no good faith basis, for suggesting in a filing to the Court that Detective Chevere perjured himself before the grand jury.  See Pl. Mot., at fn 3.  As Dunton only applies to an "imminent threat of a serious conflict," such a hearing would be premature, at best.  Dunton, at 907.

Notwithstanding the speculative nature of plaintiff's motion, the undersigned, as a matter of practice, informs his clients of the potential issues with multiple representation and about any potential conflicts of interest.  Defense counsel is aware of his ethical obligations and will have the necessary conversations with his clients, should a potential conflict actually arise.  As there is no actual or imminent conflict, and plaintiff's motion is based on pure speculation and is a waste of judicial resources, Defendants respectfully request that the Court deny plaintiff's motion in its entirety.

Defendants thank the Court for its consideration herein.

Respectfully submitted,

/s/

Evan Brustein
Senior Counsel
Special Federal Litigation Division

cc:     Gabriel P. Harvis, Esq. (BY ECF)