

GABRIEL P. HARVIS
BAREE N. FETT

December 1, 2017

BY ECF
Honorable Kevin N. Fox
United States Magistrate Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *Muhammad v. City of New York, et al.*, 17 CV 625 (AJN) (KNF)

Your Honor:

    I represent plaintiff Hassan Muhammad in the above-referenced civil rights action. I write pursuant to § 2(A) of the Court's Individual Rules of Practice and Local Civil Rule 37.2 to respectfully request a pre-motion conference to address plaintiff's contemplated motion to compel production of the audit report for case number 2015-2671. Plaintiff has conferred extensively with defendants in a good faith effort to obtain the document without Court intervention.

    Pursuant to Fed. R. Civ. P. 34, on October 2, 2017 plaintiff served a demand for the audit report of NYPD's investigative file concerning the attempted murder for which plaintiff was arrested and prosecuted (case file number 2015-2671). The requested report is of direct, vital relevance to the disputed events, as it will show when the DD5s and other documents related to the case were created, accessed and edited. In his request, plaintiff provided defendants with an exemplar of the requested document.

    Defendants objected to plaintiff's request by letter dated October 31, 2017, arguing that the material is irrelevant and privileged, although no privilege log was provided. Plaintiff immediately challenged defendants' objections and requested the opportunity to meet and confer. Over the course of the following month, the parties exchanged lengthy emails regarding the dispute. In the best of faith, plaintiff detailed the relevance of the document and even provided a transcript of a suppression hearing in a separate matter involving one of the defendants here in which the audit report played a central role, to further illustrate the relevance of the requested material.

Hon. Kevin N. Fox
Dec. 1, 2017

In a writing on November 20, 2017, defendants represented that they would produce the audit report by November 27, 2017. Defendants did not produce the report on that date, or ever contact plaintiff to inform him that the report would not be produced or to request his consent to an extension. On November 28, 2017, the undersigned emailed defense counsel, who responded:

> Sorry about not sending the [audit] report yesterday. I was tied up with summary judgment motion. If we don't resolve this tomorrow, I will finish up the redactions and get it to you by Thursday [November 30, 2017].

The parties had no further discussion about the deadline for the audit report production. Despite repeated emails from the undersigned on November 30th, defendants neither responded nor produced the report (or a privilege log).

Plaintiff finally heard from defendants this morning, after the undersigned wrote again to inform them that he intended to raise the issue with the Court today. In their response to plaintiff's email, defendants cited an alleged discussion in which the parties had purportedly agreed to delay production of the audit report until after settlement discussions had concluded. This assertion has no basis in fact. Indeed, given the relevance of the document and its potential impact on settlement valuation, plaintiff respectfully submits that the parties' settlement discussions make the production, if anything, more urgent.

Accordingly, plaintiff respectfully requests an informal conference to discuss his motion to compel production of the audit report by a date certain.

Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis

cc: Evan Brustein, Esq.